■ CHARLES BREWSTER, Appellant, v. CITY OF NEW YORK, Respondent.— Order unanimously affirmed, with costs. No opinion. Concur — Breitel, J. P., Rabin, Cox, Frank and Bergan, JJ.

■ LUIS MARTINEZ, Appellant, v. UNITED STATES LINES COMPANY, Respondent.— Judgment, so far as appealed from, unanimously affirmed, with costs. In doing so, however, we cannot approve that portion of the opinion of the learned court below which may be interpreted as requiring absence of contributory neligence for plaintiff's recovery. The action was for damages under the "Jones Act" (U. S. Code, tit. 46, § 688). In *Socony-Vacuum Co.* v. *Smith* (305 U. S. 424, 429) it was stated, "Contributory negligence, then as now, was not a defense in suits brought by seaman to recover for injuries attributable to defective equipment, but was ground only for mitigation of damages. * * * And no American case appears to have recognized assumption of risk as a defense to such a suit." Here the court properly determined that there was no negligence attributable to the defendant and that the vessel was not unseaworthy. The record justifies such findings on the facts and the law. Concur — Breitel, J. P., Rabin, Cox, Frank and Bergan, JJ.

■ JOHN BEHR, Appellant, v. HELEN C. BEHR, Respondent.— The earnings and resources of the husband, considered with the earning capacity of the wife, do not presently warrant the direction to pay $35 a week alimony. The counsel fee of $550 previously allowed was entirely adequate and the direction at the trial to pay $100 more was not indicated. The wife has been allowed $750 additional counsel fees and disbursements on this appeal, so that the total legal expenses payable by the husband are $1,300. Judgment unanimously modified so as to provide that alimony be directed in the sum of $20 a week and by striking out the provision for additional counsel fee of $100 and, as so modified, affirmed, without costs. Settle order on notice. Concur — Breitel, J. P., Rabin, Cox, Frank and Bergan, JJ.

■ BEARL EHRLICH, Appellant, v. BERNARD JELLINGER et al., Respondents. — Judgment unanimously affirmed, with costs. No opinion. Concur — Breitel, J. P., Rabin, Cox, Frank and Bergan, JJ.

■ BEARL EHRLICH, Appellant, v. DANIEL ALPER et al., Respondents.— Although the complaint in this action cannot be sustained, plaintiff, under a proper complaint, may establish a cause of action. It is well-settled law that if the defendant corporate officers, for the sole purpose of obtaining a pecuniary benefit for themselves or any of them and not for the benefit of the corporation, induced a breach of the corporation's existing contract with the plaintiff, the defendants can be held liable for damages sustained regardless of whether the pecuniary benefit actually materialized (*Buckley* v. *112 Central Park South*, 285 App. Div. 331). The amended complaint directed to be served by Special Term may, therefore, allege the interference of the defendants with the corporation's performance of the existing contract only. Order unanimously affirmed, with $20 costs and disbursements to the respondents. Concur — Breitel, J. P., Rabin, Cox, Frank and Bergan, JJ.