■ INTERCONTINENTAL PLANNING, LIMITED, Appellant-Respondent, v. DAYSTROM, INCORPORATED, et al., Respondents-Appellants.— Order entered October 3, 1967 unanimously modified on the law and in the exercise of discretion to deny plaintiff's cross motion for leave to serve a second amended complaint, and as so modified affirmed, with $50 costs and disbursements to the defendants-appellants. The two new causes of action which plaintiff was given leave to plead — for "tortious conspiracy" and for "misrepresentation"— are nothing but verbal variations of the original causes of action sounding in express contract and *quantum meruit* dismissed by the order under consideration as barred by the Statute of Frauds. As it would be paradoxical to permit a business finder to recover, despite the absence of a writing, in *quantum meruit*, so too would it be incongruous and subversive of the legislative intent to permit a plaintiff in a finder's fee case to avoid the Statute of Frauds by relabeling his claims a "conspiracy" and a "misrepresentation". (*Minichiello* v. *Royal Business Funds Corp.*, 18 N Y 2d 521; *Cohon & Co.* v. *Russell*, 29 A D 2d 221; Personal Property Law, § 31, subd. 10, now General Obligations Law, § 5–701, subd. 10.) Plaintiff's cross-motion, it must be further observed, was made some five years after it served its original complaint and after a count identical with the proposed "conspiracy" cause of action had been dismissed with prejudice on plaintiff's own motion. Quite apart from plaintiff's delay, however, opportunity to serve a second amended complaint should have been

denied in the face of the palpably insufficient proposed amendments. (*Norton* v. *Norton*, 12 A D 2d 1003; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3025.15; and see *Cushman & Wakefield* v. *John David, Inc.*, 25 A D 2d 133.) Concur — Eager, J. P., Steuer, Capozzoli, Tilzer and Rabin, JJ.