MICHAEL DURA, Appellant, *v.* WALKER, HART & CO., INCORPORATED, Respondent.

First Department, May 5, 1970.

*Alan Palwick* for appellant.

*William E. Kelly* of counsel (*Casey, Lane & Mittendorf,* attorneys), for respondent.

McGivern, J. The plaintiff, a business broker, sues a fellow broker on an alleged oral promise to share the fruits of the negotiation and sale of the stock interest of a corporation. The plaintiff, Michael Dura, claims that in August of 1965, Lehman Brothers told him it would like to sell the Drew Chemical Corporation stock and would pay him a finder's fee. And, in October, 1966, the plaintiff orally divulged the magic name, Drew, to the defendant, Walker, Hart & Co., and the latter, again orally, according to the plaintiff, promised to divide equally any finder's fee which might eventuate. In January of 1968, the Slick Corporation agreed to purchase Drew and gave to the defendant Hart a *written* undertaking that Hart would receive an agreed consideration for its efforts, which it did receive, after the Slick stockholders had approved the acquisition of Drew. Hart denies any agreement at all with the plaintiff.

On these facts Special Term has granted the defendant's motion for summary judgment on the ground that plaintiff's action, based on an oral promise, is barred by subdivision 10 of section 5–701 of the General Obligations Law. We agree.

The plaintiff urges that the statute does not apply to him because his oral agreement was to share a finder's fee and need not be in writing. We do not think the statute can be so easily sidestepped. It has already been established that the statute is not to be evaded by labeling an action for a finder's fee one in " quantum meruit ", or " tortious conspiracy ", or " misrepresentation ". (*Intercontinental Planning* v. *Daystrom, Inc.*, 30 A D 2d 519 [1st Dept.], affd. 24 N Y 2d 372.) Nor do we think it can be dodged by deftly calling the oral relationship one of " joint venture ". Not that in the instant case any of the trappings of a joint venture are present. The purpose of the statute is to fend off unsubstantiated claims of " would be " brokers and finders who come in from left field with claims not supported by written evidence. (*Minichiello* v. *Royal Business Funds Corp.*, 18 N Y 2d 521.) The fact that here the claimant only wants half the cake should make no material difference, nor set the claim apart from the necessity of a writing. The broad language of the statute and its stated purpose permit no such refined exceptions.

Perhaps the answer to the plaintiff's complaint, if there be merit to his story, is that he should have been less informal in dealing with the defendant Hart, which apparently, with some legal sophistication, protected itself with a writing, knowing that a mere oral arrangement, in this area of the business world, is unenforceable. In *Intercontinental* (*supra*), the Court of Appeals refused even to approve an alleged " oral agreement

assertedly made five months later ' extend[ing] the terms of the written agreement ' ''. (See FULD, Ch. J., concurring opn. p. 386.) In the instant case what we have is much less, and little different from the classical situation, the repetition of which necessitated the statute. It is but a claim of one broker for orally disclosing to another the name of a corporation considered along the Rialto to be ripe for acquisition. The fact the case comes with a '' new look '' by virtue of the claim of an oral agreement between brokers does not essentially alter its character. At issue is still an asserted finder's fee not based on a writing. The asserted claim is born of an alleged simple and isolated '' business transaction '', bearing no relationship to a joint venture, and falls fully within the intendment of the policy underlying our Statute of Frauds. (See *Intercontinental, supra,* opn. of JASEN, J., p. 385.) Allowing for the most favorable permissible interpretation of plaintiff's claim, it is clear that plaintiff and defendant were simply the principals to a '' business transaction '' which the applicable statute required be in writing if it were to be viable. To deny summary judgment to defendant on this record would open the door to a substantial defeat of the purposes of the statute.

And it is our further thought that by now, among the business cognoscenti, it is well known that in New York any knowledgeable claimant to a fee in connection with the sale of a business interest first arms himself with a writing.

Nor do we regard the recent Court of Appeals case of *Bradkin* v. *Leverton* (26 N Y 2d 192) as at odds in any way with this disposition. That opinion states the statute does not apply to a finder and a third party (p. 199) '' such as the defendant before us ''. Confined to its facts, the *Bradkin* case is aimed at a defendant, who as an interloper, unscrupulously intercepts a fee already earned by a bona fide finder already holding a written agreement which meets the statutory requirements; the *Bradkin* case also has elements of overreaching and conflict of interest on the part of the defendant therein as a corporate officer and director. Our case is not only devoid of these factors, the plaintiff herein has a writing with nobody.

Accordingly, we believe Special Term was correct in granting summary judgment in favor of the defendant.

McNALLY, J. (dissenting). The order granting summary judgment dismissing the complaint should be reversed, on the law, and the motion therefor denied, under constraint of *Bradkin* v. *Leverton* (26 N Y 2d 192).

The amended complaint alleges and the decision of Special Term is predicated on an oral agreement between the parties to

divide a finder's fee paid by Lehman Brothers to the defendant. Special Term held that the oral agreement is void by virtue of subdivision 10 of section 5-701 of the General Obligations Law, which requires a contract to pay compensation for services rendered in the negotiation or finding of a business opportunity to be in writing and subscribed by the party to be charged. In *Bradkin*, the Court of Appeals held (p. 198) " the contract required to be in writing is one between the finder and the principal or employer with whom he has assertedly contracted and from whom he seeks compensation ". The alleged contract is not between the finder and the principal; it is one between two brokers to share a commission paid by the principal. The amended complaint alleges that the finder's fee was paid to the defendant and on this application it does not appear otherwise. Hence, the obligation or liability of the principal is not involved. The court spelled out a quasi-contractual obligation in *Bradkin* by reason of the fact that the defendant, an officer of the corporation under written obligation to Bradkin to pay a finder's fee, utilized and exploited information conveyed to him as an officer of the corporation and diverted to himself the finder's fee which would have otherwise been payable to Bradkin. The Court of Appeals held said liability was not within the scope of the Statute of Frauds. In the case at bar, there is no problem with regard to the basic liability, since the amended complaint alleges an express oral agreement between plaintiff and defendant to exploit a business opportunity and to divide the compensation therefor. In my opinion, *Bradkin* is decisive on the proposition that the statute has no application to the instant agreement.

EAGER, J. P., and CAPOZZOLI, J., concur with McGIVERN, J.; McNALLY, J., dissents in opinion, in which NUNEZ, J., concurs.

Order entered September 3, 1969 affirmed, with $50 costs and disbursements to the respondent.