Kaye, J.
(dissenting in part). I concur in the majority’s conclusions that the third, fourth and fifth causes of action are preempted by the Copyright Act, and the first cause of action — while not preempted — must fail by reason of the Statute of Frauds. But I respectfully dissent with respect to the surviving cause of action for “misrepresentation through false labeling.” With the understanding that the court does not today decide whether a cause of action for common-law misappropriation is preempted by the Copyright Act, I agree with so much of the majority’s holding as states the legal principle that an action for “false labeling” may be maintained notwithstanding Federal preemption. I cannot, however, agree with the application of that principle to the facts of this.
It is well to begin by focusing on the complaint, particularly the second cause of action, characterized as one for “misrepre *81 sentation through false labeling” — which are the words of the majority, nowhere found in the complaint. In the second cause of action, after identifying the parties, plaintiff alleges that she sold to defendant the right to produce her design solely on fabric and that defendant without authorization thereafter licensed Sunweave Linen Corp. and Lord & Taylor to reproduce the design on products other than fabric “in direct contravention of the terms of the agreement between plaintiff and defendant.” Plaintiff concludes: “Defendant required Sunweave and Lord & Taylor, to place on certain of the unauthorized products sold by Sunweave and Lord & Taylor, containing the Design, a credit for the Design stating it was ‘designed by Waverly’, even though in truth and in fact defendant knew that such pattern was designed by the plaintiff, to the damage of the plaintiff in the sum of $25,000.” It is undisputed that the contract referred to by plaintiff was never reduced to writing.
The oral contract is thus plainly at the heart of the second cause of action. Plaintiff contends that she sold a limited right, permitting defendant to use the design solely on fabric and wallpaper, while defendant claims that it purchased all of plaintiff’s right, title and interest in the design, and consequently that its use was unrestricted. If plaintiff sold a limited right only — her version of the contract — defendant breached the contract and thereby misappropriated the design and misrepresented ownership. If plaintiff sold defendant all rights in the design — defendant’s version of the contract — then it could lawfully place its own name on and market its property, without further permission from plaintiff.
Even if the second cause of action were not preempted by Federal law, still there would be no enforceable claim because of the Statute of Frauds. The very design of the Statute of Frauds was “not to trust to the memory of witnesses for a longer time than one year.” (Smith v Westfall, 1 Lord Raymond 316, 317 [1697], quoted in D & N Boening v Kirsch Beverages, 63 NY2d 449, 454.) The requirement of a writing assures that there will be reliable evidence of the terms of a contract, an objective which is defeated and circumvented by permitting plaintiff, inva dispute over the terms of a contract, to enforce what is merely one version of the contract in the guise of a tort.
A reading of the second cause of action as pleaded in the complaint reveals that it is not, as the majority describes, premised on “unfair competition” (majority opn, at p 79), but — to use plaintiff’s own words — on “direct contravention of the *82 terms of the agreement between plaintiff and defendant.” (Complaint H 7.) In contracts for the sale of products, any purchaser exercising dominion over the products, including placing its name on what it believes it rightly owns, can be said by a seller charging breach of contract to be misappropriating, misrepresenting, falsely labeling, or using the property in “other and deceitful ways” (majority opn, at p 80, n 2), but a contract action does not without more become a tort action. In the cases cited by the majority for the proposition that the use of property in “other and deceitful ways” may give rise to a tort action — North Shore Bottling (22 NY2d 171), Rich (87 NY 382), Fantis Foods (49 NY2d 317) and Albemarle Theatre (27 AD2d 172) (majority opn, at p 80, n 2) — there was not, as here, a fundamental dispute regarding the terms of the contract, which would itself be wholly determinative of the “tort” issue.
Characterization of the alleged breach of contract as a tort does not breathe vitality into a contract otherwise unenforceable for want of a writing. (See, e.g., Intercontinental Planning v Daystrom, Inc., 30 AD2d 519, affd 24 NY2d 372.) Not one of the misappropriation cases cited by the majority (majority opn, at pp 79-80) involves an acknowledged contract between the parties permitting defendant in the first instance to use plaintiff’s property, and a mere dispute as to the reach of the contract.
We have only recently reaffirmed the principle with respect to the Statute of Limitations that where an action is fundamentally contractual, plaintiff cannot rely on incidental allegations of fraud to keep its lawsuit viable. (Queensbury Union Free School Dist. v Walter Corp., 101 AD2d 992, 993, affd 64 NY2d 964.) By the same token, plaintiff should not be permitted to avoid the Statute of Frauds by enforcing an oral contract as a tort action for “false labeling.”
I would therefore affirm the Appellate Division order in its entirety.
Chief Judge Wachtler and Judges Jasen, Meyer and Kane* concur in Per Curiam opinion; Judge Kaye dissents in part and votes to affirm in a separate opinion in which Judge Simons concurs; Judge Alexander taking no part.
Order modified in accordance with the opinion herein and, as so modified, affirmed, with costs to plaintiff.

 Designated pursuant to NY Constitution, article VI, § 2.