OPINION OF THE COURT
Harold Baer, Jr., J.
This is an action between an employer and a former em *91 ployee in which the latter claims damages based upon the farmer’s alleged breach of contract and fraud and interference with the contract of employment by a codefendant. Defendants move to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7) or for summary judgment, as well as for leave to amend the answers. Plaintiff moves for an order striking the answers or, in the alternative, compelling the testimony at a deposition of defendant Seymour Gould and another.[1]
Preliminarily, on the amendment issue, in December 1988, defendants submitted answers to the complaint. The answers did not contain the defense of the Statute of Frauds. The failure to include this defense (or to move on the basis of it prior to answer) constitutes a waiver of the defense. (CPLR 3211 [e]; Siegel, NY Prac § 274 [1978].) Defendants move for leave to amend and to assert the defense. Leave to amend is to be freely granted (CPLR 3025 [b]), and the test is whether plaintiff has been prejudiced. (Fahey v County of Ontario, 44 NY2d 934 [1978].) Only four months passed between the answers and the motion raising the Statute of Frauds, there has been no prejudice to plaintiff, and, indeed, plaintiff does not oppose the request. The motion is granted. Insofar as defendants seek to assert the Statute of Frauds now, their motion shall be considered one for summary judgment for which relief they have moved in the alternative.
Let us turn then, after a review of the allegations, to the Statute of Frauds issue — the issue on which defendants base their motion for summary judgment. The complaint in its first cause of action alleges that in 1987 Seymour Gould, president of defendant Artintype Inc. (Artintype), offered plaintiff Stephen Keenan employment with Artintype. It is claimed that Gould told Keenan that his employment would be for five years; that Keenan would become president of Artintype upon Gould’s imminent retirement; and that Keenan would receive a salary and commissions on Artintype’s accounts and on accounts that Keenan brought with him from his former employer, Hertz Data Corp. (Hertz), of which he was the sole proprietor. Plaintiff claims that relying upon these representations, he closed Hertz and joined Artintype. Plaintiff charges that these representations were false and were made to allow Artintype to purloin Hertz’s business, with the intent that Keenan would be dismissed once that end was achieved. In *92 1988, Gould, on behalf of Artintype, discharged Keenan. On the basis of the foregoing, plaintiff demands damages.
In his second cause of action, plaintiff claims that he built up business from certain Artintype house accounts. Plaintiff charges that defendant Gould took these accounts away from him, as a result of which plaintiff lost commissions to which he was entitled and for which he now seeks an accounting or damages.
Finally, in his third cause of action, plaintiff alleges that he discovered certain unethical conduct being engaged in by Grey Advertising Inc. (Grey), the parent company of Artintype. Plaintiff claims that, his protests about this behavior caused Grey to interfere with his contractual relations with Artintype. The heart of plaintiff’s case is a five-year employment contract by which he was to receive certain alleged rewards. Plaintiff does not allege that this agreement was in writing. It is elementary that "an oral agreement which by its own terms must continue for more than a year unless terminated by its breach is void.” (D&N Boening v Kirsch Beverages, 63 NY2d 449, 457 [1984]; see, General Obligations Law § 5-701 [a] [1].) Since this agreement could not have been performed within one year and was not in writing, it is void and plaintiff cannot sue for its breach. The second cause of action is based upon Artintype’s purported breach of the contract and, therefore, must fail. In his brief and at oral argument, counsel for plaintiff stated that his client actually worked for Artintype but was not paid for all of the time worked. Counsel has asserted, notwithstanding the allegations of the complaint, that plaintiff’s employment was at will and that, insofar as it had been so performed, the arrangement was not within the Statute of Frauds. Defendants Artintype and Gould admit that Keenan was an at-will employee working at a certain salary plus commissions. Plaintiff, however, has not pleaded a cause of action founded upon an at-will employment. He will be granted an opportunity to amend his complaint to state it. The new claim may be for salary and commissions as actually paid in the at-will employment. (Wolin v Perico Venetian Blind Corp., 180 Misc 544 [App Term 1943].) Plaintiff cannot claim salary or commissions as promised in the oral agreement.
The third cause of action at first blush appears to present few problems, but problems begin to emerge upon reflection. One might suppose that if the contract alleged by plaintiff is void, then Grey cannot be held to answer in damages for *93 having brought about its breach. (Long Is. Pen Corp. v Shatsky Metal Stamping Co., 94 AD2d 788 [2d Dept 1983].) But a contract that cannot be performed within one year, though described as "void” by the statute and by courts on occasion (e.g., the Court of Appeals in D&N Boening v Kirsch Beverages, supra), is actually voidable or unenforceable. (See, Holender v Cammann Prods., 78 AD2d 233 [1st Dept 1980]; Livoti v Elston, 52 AD2d 444 [2d Dept 1976].) Restatement (Second) of Torts § 766, comment f distinguishes between void and voidable contracts and provides that a contract voidable by virtue of the Statute of Frauds may nevertheless form the basis for an interference claim until actually declared void. (See also, 2 Harper, James & Gray, Torts, at 314-315 [2d ed 1986].) Some authorities limit a claim of interference with a contract barred by the statute to conduct amounting to fraudulent misrepresentation, threats or violation of a duty of fidelity. (See, e.g., Papell v Calogero, 114 AD2d 403, 404 [2d Dept 1985], mod 68 NY2d 705 [1986], citing Guard-Life Corp. v Parker Hardware Mfg. Corp., 50 NY2d 183 [1980]; Livoti v Elston, 52 AD2d, supra, at 447.) And if that be the law, such wrongful conduct is present here on plaintiffs allegations. It may well be, however, that no such conduct is required in view of the disrepute in which the Statute of Frauds is held. (See, Note, Tortious Interference with Contract: A Reassertion of Society’s Interest in Commercial Stability and Contractual Integrity, 81 Colum L Rev 1491, 1502-1503, n 83 [1981].)
Defendants argue that the Statute of Frauds precludes a claim here for tortious interference. Alternatively, defendants argue that Grey cannot be held liable for inducing the breach of a contract that, according to plaintiff, was never intended to exist. Plaintiff, however, may plead alternatively and inconsistently, claiming that there was fraudulent misrepresentation, but also that there was an employment at will. In fact, it is clear from plaintiffs papers that his claim in the third cause of action is for interference with an at-will employment relationship. If he were allowed to amend, the question then becomes, can Grey be liable for inducing the breach of an employment at will?
It needs to be acknowledged straight away that there is authority on defendants’ side that must not be ignored. In Kaminski v United Parcel Serv. (120 AD2d 409 [1st Dept 1986]), the court held that the termination of an at-will employment relationship is not a breach of contract and therefore an action founded on the tort of intentional interfer *94 ence will not lie. Plaintiff attempts to distinguish this case on the facts, but his effort is unavailing. This case would require that the third cause of action be dismissed.
Kaminski (supra), however, does not take explicit note of Guard-Life Corp. v Parker Hardware Mfg. Corp. (supra). (See, Mansour v Abrams, 120 AD2d 933 [4th Dept 1986].) In Guard-Life, the Court of Appeals held that interference with a contract terminable at will is actionable provided that the interference is improper, that is, that it involves fraud, threats or other wrongful conduct. (50 NY2d, supra, at 190-191, 196.) Knowing interference through persuasion alone by a competitor is not actionable. The case before this court does not involve alleged interference by a competitor, so that the fit between the facts of Guard-Life and those present here is not a neat one. Nevertheless, the principles set out there (derived from the Restatement [Second] of Torts) provide a basis for upholding the third cause of action, at least for now. The alleged retaliation against plaintiff due to his protests against unethical conduct by Grey is surely improper, involving as it does illegitimate motives on the part of Grey and the absence of a general social interest in the protection of such conduct. (See, Guard-Life Corp. v Parker Hardware Mfg. Corp., 50 NY2d, supra, at 190, n 2.)
The discussion of Guard-Life (supra) brings the court back to the earlier examination of the effect of the Statute of Frauds on an interference claim. The Court of Appeals in Guard-Life held that a contract terminable at will and a voidable contract should be treated the same for this purpose. The court (50 NY2d, supra, at 194) even cited Livoti v Elston (supra). This suggests that a contract that is voidable by virtue of the Statute of Frauds may be the basis for an interference claim but for now, only on the standards set out in Guard-Life.
As to the standing of Kaminski (supra), the First Department cited and followed Guard-Life (supra) in the case of a contract for employment terminable at will. (Kaplan v Heinfling, 136 AD2d 34 [1st Dept], lv denied 72 NY2d 810 [1988].) The court held that the contract there at issue, between client and attorney, was a special one affected by public policy. The court, however, applied the Guard-Life test and appeared to consider it to govern cases of contracts terminable at will. The court did point out that Guard-Life involved competitors and stated that it considered open "the possible application to actions not involving competitors of the rule limiting liability *95 to circumstances in which improper means were used.” (136 AD2d, supra, at 40; compare, Papell v Calogero, 114 AD2d, supra, at 404.) Read in its context, this statement suggests that what remains open is whether a higher standard of conduct should be imposed on noncompetitors, not a lower one. Kaplan thus appears to govern, rather than Kaminski.
From all of this, the court concludes that a claim against Grey founded upon interference with an at-will employment arrangement would not be defective as a matter of law.
The affidavits submitted insofar as they bear on the third cause of action are not dispositive. Defendants submit an affidavit from the assistant general counsel of Grey. There is nothing to indicate she had firsthand knowledge of the facts and her affidavit is conclusory. Mr. Gould’s affidavit is more detailed, but says nothing about Keenan’s allegations of unethical practices and protests thereof by him. Keenan’s opposing affidavit takes issue with various assertions by Gould. Keenan provides no evidentary detail about the basis for his charges of wrongful conduct by Grey or that Grey engineered his demise. Though plaintiffs opposition is spare and conclusory, the court will not resolve this factual dispute against him in view of the nature of the affidavits, the lack of facts about the alleged wrongful conduct, and the facts that knowledge of the wrong lies with defendants, that there has been no discovery, and that defendants failed to produce Gould[2] for a scheduled deposition. On this cause of action, the motion will be granted only to the extent of dismissing the claim with leave to replead interference with an at-will employment and without prejudice to renewal of this motion for summary judgment following some discovery.
Finally, the court will address the first cause of action. The court notes that this claim appears to be made against Artintype and Gould.[3] It is clear from the allegations of this claim that the intended beneficiary of the action alleged was Artintype. Gould is alleged to have deceived plaintiff while "acting on behalf of Artintype”. Defendants argue that Gould cannot be personally liable on this cause of action by virtue of his *96 acts as a corporate officer because such liability is dependent upon separate tortious activity by the officer or personal profit. The cases cited in support of this proposition (Smith v Fidelity Mut. Life Ins. Co., 444 F Supp 594 [SD NY 1978]; Di Nardo v L & W Indus. Park, 74 AD2d 736 [4th Dept 1980]) are inapposite. These cases are applications of the rule that, absent the requisites referred to, a claim for tortious interference with a contract will not lie against the officer of a corporation where the breach was allegedly committed by his corporation. The reason for this rule is to insure a necessary margin of freedom to a corporate officer to render advice to his corporation on its contracts. (See, Citicorp Retail Servs. v Wellington Mercantile Servs., 90 AD2d 532 [2d Dept 1982]; Ehrlich v Alper, 145 NYS2d 252 [Sup Ct 1955], affd 1 AD2d 875 [1st Dept 1956].) The first cause of action is not one for interference with contract and thus this line of cases is not relevant. The rule that does apply is that corporate officers will be held personally liable for fraud if they personally participated in it or had actual knowledge of it. (Marine Midland Bank v Russo Produce Co., 50 NY2d 31, 44 [1980]; Prudential-Bache Metal Co. v Binder, 121 AD2d 923 [1st Dept 1986]; La Lumia v Schwartz, 23 AD2d 668 [2d Dept 1965].) By this standard, the first cause of action presents a sufficient basis for personal liability on Gould’s part, assuming that the essence of this fraud claim is valid.
Defendants argue that the misrepresentation claim is barred by the Statute of Frauds since it is only a relabeling of a contract claim and that the premises at issue involved only mere expectations of future performance. Channel Master Corp. v Aluminum Ltd. Sales (4 NY2d 403 [1958]), cited by defendants, does not outlaw all misrepresentation claims where contract claims are barred by the statute. There, the issue was whether a certain statement was an expression of future expectation or a present statement of an arrangement whereby something was to occur in the future. The question to be asked is, do " 'the allegations in the complaint describe a case where a defendant has fraudulently and positively as with personal knowledge stated that something was to be done when he knew all the time it was not to be done and that his representations were false.’ ” (4 NY2d, supra, at 407-408.) In such a case a plaintiff can sue for fraudulent misrepresentation, though a contract claim is barred by the Statute of Frauds. (See, Note, The Statute of Frauds as a Bar to an Action in Tort for Fraud, 53 Fordham L Rev 1231 [1985].)
*97 The crux of the problem, as the court views it, is to be found in the statement in Channel Master (supra) that "[i]f the proof of a promise or contract, void under the statute of frauds, is essential to maintain the action, there may be no recovery” (4 NY2d, supra, at 408). In that case, the misrepresentation alleged was collateral to the contractual promise. (See, Note, op. cit., 53 Fordham L Rev, at 1251-1252, n 122.) Where, however, the alleged misrepresentation is a mere duplication of, and is dependent upon proof of, the invalid contract, the fraud action will not lie. This appears to be what the court in Intercontinental Planning v Daystrom, Inc. (30 AD2d 519 [1st Dept], affd 24 NY2d 372 [1969]) had in mind. The same notion is to be found in Alanthus Corp. v Travelers Ins. Co. (92 AD2d 830 [1st Dept 1983]; Club Chain v Christopher & Seventh Gourmet, 74 AD2d 277 [1st Dept 1980], appeal dismissed 53 NY2d 703 [1981]). In this case, the misrepresentations consist of the terms of the very oral contract plaintiff is barred from suing on: the promise to employ him for five years at set levels of salary and commissions and to make him president. Under these cases, proof of the contract would be essential to establish the fraud and, as a result, the fraud action is barred.
The court has some misgivings about this result. The Statute of Frauds, as the Channel Master court itself observed, is not to be used to shield fraud or unfairness. It is, of course, important that the basic purpose of the statute be respected by preventing the maintenance of actions on oral promises through backhanded means, but that purpose might be accommodated with prevention of fraud or unfair dealing in the other direction by allowing a suit for fraud even if proof of contractual promises are required but limiting recovery to out-of-pocket losses. (See, Note, op. cit., 53 Fordham L Rev 1231; see also, Fort Howard Paper Co. v William D. Witter, Inc., 787 F2d 784 [2d Cir 1986] [New York law]; Shapiro v Dictaphone Corp., 66 AD2d 882 [2d Dept 1978]; Solin Lee Chu v Ling Sun Chu, 9 AD2d 888 [1st Dept 1959].) On such a theory, plaintiff here would not be allowed to recover on his fraud claim the benefit of his alleged contract bargain, such as commissions promised but denied. The court, however, believes that it must adhere to the instruction of Intercontinental Planning (supra) and like cases until a higher court of this State directs otherwise.
Accordingly, defendants’ motion to amend is granted. The motion for summary judgment is granted to the following *98 extent: (1) the second cause of action is dismissed with leave to replead an at-will employment; (2) the third cause of action is dismissed with leave to replead interference with an employment at will; and (3) the first cause of action is dismissed in its entirety. Plaintiffs motion for an order striking the answers or compelling depositions is denied. Defendants are, however, directed promptly to provide plaintiff with discovery relevant to the remaining causes of action. All discovery shall be completed by October 18, 1989. Any further motion for summary judgment shall be made by November 8, 1989, and shall be made returnable November 20, 1989. A pretrial conference to discuss settlement and fix a trial date shall be held on November 27, 1989, unless the case is disposed of by the granting of the motion prior thereto.

. Motions 3 and 4 of June 12,1989 are here treated together.

. The deposition of an employee of a Grey subsidiary also did not go forward.

. The claims do not identify the defendants to whom they are intended to apply. Clearly, only Grey is named in the third cause of action and it can only be liable there, if at all. Gould cannot be liable on the second claim, since there was no contractual relationship between plaintiff and Gould personally and he is not bound personally because the corporation is.