■ L/M NINETY CM CORP. et al., Appellants, v 2431 BROADWAY REALTY CO. et al., Respondents. PETER LEHRER Counterclaim Appellant, et al., Counterclaim Defendant.—Order, Supreme Court, New York County (Myriam Altman, J.), entered September 15, 1988, which, *inter alia,* denied plaintiffs' motion to dismiss the 23rd affirmative defense (15th counterclaim) with prejudice and instead dismissed said cause of action with leave to replead, and denied plaintiffs' motion to dismiss the 12th affirmative defense (4th counterclaim) and 13th affirmative defense (5th counterclaim), unanimously affirmed, with costs.

Plaintiffs C/M Ninety CM Corp. ("L/M") and Lehrer McGovern Bovis ("LMB") initiated this action after they were terminated as construction manager for a condominium construction project. Plaintiffs were terminated as a result of alleged inadequacies in their performance pursuant to an agreement. Plaintiffs seek damages for labor and material furnished prior to their termination.

Defendants answered the complaint and asserted 20 counterclaims against plaintiffs. Plaintiffs moved to dismiss 14 of those counterclaims. The IAS Court dismissed 3 of them, dismissed the 15th counterclaim for *prima facie* tort with leave to replead, and sustained the other challenged counterclaims.

Plaintiffs assert that allegations of "mixed motive" are fatal to a cause of action for *prima facie* tort. While plaintiffs claim that the conduct complained of could not have arisen solely out of disinterested malevolence since the action arose out of a commercial controversy, the alleged acts in question seem to have been motivated solely by a desire to injure defendants. At best, the motivation behind the acts in question is a factual issue for trial precluding the dismissal of this counterclaim.

Plaintiffs also claim that the *prima facie* tort claim is precluded due to the existence of traditional tort causes of action. The fact that some of the acts alleged may also constitute traditional tort causes of action does not require the

dismissal of the *prima facie* tort claim. *(See, Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 332-333; *and see, Board of Educ. v Farmingdale Classroom Teachers Assn.,* 38 NY2d 397, 406.)

Plaintiffs also challenge the IAS Court's decision with regards to the counterclaims sounding in fraudulent inducement (the 4th and 5th counterclaims). A review of the claims demonstrates that they each adequately plead all the elements necessary for a cause of action for fraudulent inducement. *(See, Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403, 407.)* While plaintiffs challenge the veracity of some of the statements in the pleadings, this merely raises triable issues of fact. Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Asch, JJ.