■ BANK OF NEW YORK, Respondent, v BERISFORD INTERNATIONAL P.L.C., Formerly Known as S. & W. BERISFORD, P.L.C., et al., Defendants, and JOHN NEUMANN, Appellant.—Order, Supreme Court, New York County (Walter Schackman, J.), entered on or about January 8, 1992, which denied defendants' motion to dismiss plaintiff's complaint, unanimously affirmed, with costs.

Plaintiff satisfactorily pleaded the necessary elements to allege a cause of action for tortious interference with contractual relations *(see, Israel v Wood Dolson Co.,* 1 NY2d 116, 120). Neumann is not immune from liability on the ground that he was the general partner of the entity that allegedly breached the contract, as it is alleged that he was not acting in good faith and committed wholly independent torts directed at plaintiff for personal pecuniary gain *(see, Murtha v Yonkers Child Care Assn.,* 45 NY2d 913, 915; *Ehrlich v Alper,* 1 AD2d 875). Since the instant claim for tortious interference with contractual relations concerns a contract with a *finite* term (as opposed to an "at will" contract), Neumann's claimed defense of economic justification is unfounded *(see, Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183).

In light of the assertions that Neumann, *inter alia,* acted with malice in inducing the alleged tortious interference, and since plaintiff sufficiently pleaded special damages, it has adequately stated a cause of action for prima facie tort *(see, Freihofer v Hearst Corp.,* 65 NY2d 135, 142-143). Notably,

plaintiff may plead prima facie tort even though it has also pleaded a specific tort seeking the same damages *(supra,* at 143). While Neumann claims that his conduct was legitimately based on economic self-interest, said claim merely creates a factual issue for trial *(see, L/M Ninety CM Corp. v 2431 Broadway Realty Co.,* 170 AD2d 373).

Finally, as the causes of action herein concern tort claims and seek tort damages, the "non-recourse" language of the notes and mortgage is not relevant to these claims and thus the instant action cannot be dismissed on the grounds of documentary evidence. Concur—Murphy, P. J., Carro, Rosenberger and Asch, JJ.