■ BANK OF NEW YORK, Plaintiff, v JOSEPH NEUMANN, Defendant and Third-Party Plaintiff-Appellant. BERISFORD, INC., Formerly Known as S. & W. BERISFORD, INC., et al., Third-Party Defendants-Respondents. [628 NYS2d 675] —Order, Supreme Court, New York County (Carol E. Huff, J.), entered November 23, 1993, which granted a motion by the Berisford parties to dismiss the third-party action, unanimously reversed, on the law, and the third-party complaint is reinstated, without costs.

The complaint alleged that defendant Neumann and the Berisfords conspired to destroy the value of premises at 16 East 34th Street in Manhattan which Neumann's partnership had mortgaged to plaintiff, through such means as failure to pay real estate taxes, unauthorized granting of subordinate mortgages and accepting of lease terminations, allowing deterioration of the premises, misappropriation of cash assets, and filing bankruptcy, thus depriving plaintiff of its contractual rights. Two years ago, we affirmed the denial of the defendants' motion to dismiss, holding, *inter alia*, that Neumann was not immune from liability as a general partner because "he was not acting in good faith and committed wholly independent torts directed at plaintiff for personal pecuniary gain" (*Bank of N. Y. v Berisford Intl.*, 190 AD2d 622). When the Berisford defendants thereafter settled with plaintiff, Neumann impleaded the Berisfords on a claim of contractual indemnity.

Neumann had a tandem of agreements with the Berisfords whereby, *inter alia*, the latter would indemnify the former and his partners for liabilities incurred "in the ordinary course of business or operations of the Real Property Entities, expressly including, without limitation, all obligations under * * * mortgages," and "excluding claims * * * for willful misconduct, malfeasance or misappropriation in such capacities". The Berisfords moved to dismiss the third-party action on the ground that the intentionally tortious acts alleged against Neumann in the underlying complaint were not done "in the ordinary course of business", and furthermore, that public policy does not permit indemnification for damages flowing from the intentional causation of injury (*see, Austro v Niagara Mohawk Power Corp.*, 66 NY2d 674). The IAS Court granted the dismissal motion on the public policy ground, without considering the factual dispute as to whether the agreements covered these acts.

The threshold issue on this appeal is whether Neumann had a personal intent to injure plaintiff. The pleadings state facts that were clearly equivocal in this respect. The evidence might very well lead to a business purpose which had an intended result of causing harm, but this is a factual issue. If the proof is developed that there was no such intent, then the public policy question need not even be reached (*see, Public Serv. Mut. Ins. Co. v Goldfarb*, 53 NY2d 392), and the trier of facts can proceed directly to the contractual issue of whether Neumann's allegedly tortious acts were conducted "in the ordinary course of business", or whether his "willful misconduct, malfeasance or misappropriation" precluded indemnification

under the agreements. Concur—Rosenberger, J. P., Wallach, Rubin, Kupferman and Asch, JJ.,