■ JULES POLONETSKY et al., Respondents-Appellants, v BETTER HOMES DEPOT, INC., Appellant-Respondent, et al., Defendant. [720 NYS2d 59] —Order, Supreme Court, New York County (Marcy Friedman, J.), entered July 21, 2000, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 only to the extent of dismissing the complaint as against individual defendant Eric Fessler, unanimously modified, on the law, to grant the motion to the further extent of dismissing the complaint as against defendant Better Homes Depot, Inc., and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant Better Homes Depot, Inc., dismissing the complaint as against it.

In this action to enjoin defendants, pursuant to the Consumer Protection Law, from committing allegedly deceptive trade practices in the marketing and sale of residential homes, the motion court erred in denying defendants' motion insofar as it sought dismissal of the complaint as against defendant Better Homes Depot, Inc., because real estate sales do not fall within the plain and unambiguous definition of consumer goods or ser-

vices contained in the Consumer Protection Law (*see*, Administrative Code of City of NY §§ 20-700, 20-701). In construing the statute, the motion court improperly deferred to plaintiff's exceedingly broad interpretation of the Consumer Protection Law's enabling legislation, rather than the plain meaning of the applicable statutory language (*see*, *Seittelman v Sabol*, 91 NY2d 618, 625; *Matter of Beekman Hill Assn. v Chin*, 274 AD2d 161, 166-167, *lv denied* 95 NY2d 767). Additionally, given the clarity of the statutory language, resort to the statute's legislative history as an interpretive aid was not warranted (*see*, *Sega v State of New York*, 60 NY2d 183, 191; *Bender v Jamaica Hosp.*, 40 NY2d 560, 561-562).

With respect to plaintiff's cross appeal, the complaint was properly dismissed as against the individual defendant, Eric Fessler, in light of the absence of allegations that Fessler had engaged in tortious conduct for personal pecuniary gain wholly independent from the conduct of the corporate defendant (*see*, *Murtha v Yonkers Child Care Assn.*, 45 NY2d 913, 915; *Bank of N. Y. v Berisford Intl.*, 190 AD2d 622). Concur—Rosenberger, J. P., Tom, Ellerin, Rubin and Buckley, JJ.