■ RETROPOLIS, INC., Respondent-Appellant, v 14TH STREET DEVELOPMENT LLC et al., Appellants-Respondents. [797 NYS2d 1]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered August 27, 2003, which denied both of plaintiff's motions for Yellowstone relief and denied defendants' cross motion to dismiss the complaint, unanimously modified, on the law, the facts and in the exercise of discretion, plaintiff's motion for a Yellowstone injunction granted with respect to the default notice it received in January 2003, and otherwise affirmed, without costs.

Responding to the default notice received in January 2003, plaintiff established its entitlement to Yellowstone relief by

timely moving for an injunction to toll the running of the applicable cure period. In support, it made the requisite showing that it was in fact a commercial tenant who had been served with a notice of default, and that it was prepared and able to cure the alleged default, should it be established, by means short of vacating the leased premises (*see 225 E. 36th St. Garage Corp. v 221 E. 36th Owners Corp.,* 211 AD2d 420, 421 [1995]). However, plaintiff was not entitled to a *Yellowstone* injunction in connection with the default notice it received in February 2003 because that relief was sought after the applicable cure period had expired (*see King Party Ctr. of Pitkin Ave. v Minco Realty,* 286 AD2d 373 [2001]).

The action was not subject to dismissal pursuant to CPLR 3211 as against defendant 14th Street Development since the allegations of the complaint, when accepted as true and liberally construed (*see* CPLR 3026), sufficiently state viable claims that, among other things, this defendant interfered with plaintiff's use of the premises and violated the lease terms (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.,* 98 NY2d 144, 152-153 [2002]). The question of the liability of the individual defendant Fiore, a member of 14th Street Development, a limited liability company, presents a different question. We note at the outset that Fiore cannot be held liable for the company's obligations by virtue of his status as a member thereof (Limited Liability Company Law § 609; *see also* § 610).

Plaintiff seeks to avoid the statutory bar to such a cause of action by using the doctrine of piercing the corporate veil, which applies to limited liability companies (*see e.g. Williams Oil Co. v Randy Luce E-Z Mart One,* 302 AD2d 736, 739-740 [2003]). In so doing, plaintiff bears "a heavy burden of showing that the corporation was dominated as to the transaction attacked and that such domination was the instrument of fraud or otherwise resulted in wrongful or inequitable consequences" (*TNS Holdings v MKI Sec. Corp.,* 92 NY2d 335, 339 [1998]). No such showing has been made here. In fact, in denying the motion to dismiss, Supreme Court did not even address the issue other than to deny summarily the cross motion to dismiss.

Plaintiff's sole argument in support of its veil-piercing claim, i.e., that three rent checks dating back to 1997, which it tendered to the company, had been deposited into the account of an entity known as "Bohn Fiore Inc.," is specious. Actually, there were only two such deposits, as two checks were deposited into the Bohn Fiore Inc. account on the same day. The three checks mistakenly deposited into this account were immediately transferred to the proper account upon discovery of the error.

Those were the only checks, of the approximately 70 tendered by plaintiff since 1997, that were not deposited into the company account. There is no instance of any check being deposited into Fiore's personal account. The amended complaint contains mere bare-bones allegations and is completely devoid of any sufficiently particularized support, as required, for the assertion that Fiore was "actually doing business in [his] individual capacit[y], shuttling [his] personal funds in and out of the corporations 'without regard to formality and to suit [his] immediate convenience' " (*Walkovszky v Carlton*, 18 NY2d 414, 420 [1966]).

The first 12 causes of action relate to the default notices, an alleged violation of a stipulation and breach of the lease, none of which names or even seemingly involves Fiore. Nor is Fiore named in the sixteenth cause of action. Fiore can be held liable, however, to the extent that the complaint pleads tort claims against him, since a corporate officer who participates in the commission of a tort can be held personally liable even if the participation is for the corporation's benefit (*W. Joseph McPhillips, Inc. v Ellis*, 278 AD2d 682, 684 [2000]; *see Rothstein v Equity Ventures*, 299 AD2d 472, 474 [2002]; *see also Ehrlich v Alper*, 145 NYS2d 252, 254 [1955], *affd* 1 AD2d 875 [1956] [a corporate officer may be held liable for inducement of breach of contract to the extent he is charged with personally profiting from the commission of separate torts in connection with the inducement of the breach]). The statutory claim against Fiore based on RPAPL 853 can also be maintained; the statute only requires a showing that the plaintiff was ousted from real property by the defendant in a forcible or unlawful manner. Concur—Mazzarelli, J.P., Friedman, Sullivan, Nardelli and Gonzalez, JJ.