Belle Light. LLC v Artisan Constr. Partners LLC (2019 NY Slip Op 09359)





Belle Light. LLC v Artisan Constr. Partners LLC


2019 NY Slip Op 09359


Decided on December 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 26, 2019

Renwick, J.P., Manzanet-Daniels, Oing, Singh, González, JJ.


10636 655050/16

[*1] Belle Lighting LLC, Plaintiff-Respondent,
v
Artisan Construction Partners LLC, et al., Defendants-Appellants.


Platzer, Swergold, Levine, Goldberg, Katz & Jaslow, LLP, New York (Robert Mastrogiacomo of counsel), for appellants.
Law Offices of Edward Weissman, New York (Edward Weissman of counsel), for respondent.



Judgment, Supreme Court, New York County (David A. Cohen, J.), entered October 26, 2018, in plaintiff's favor and against defendants, jointly and severally, in the amount of $471,771.37 with interest, unanimously affirmed, against defendants Artisan Construction Partners LLC and James Galvin, with costs.
To make a prima facie case on its breach of contract claim, plaintiff had to demonstrate "the existence of a contract, the plaintiff's performance thereunder, the defendant's breach thereof, and resulting damages" (Harris v Seward Park Hous. Corp., 79 AD3d 425, 426 [1st Dept 2010]; see also Nevco Contr. Inc. v R.P. Brennan Gen. Contrs. & Bldrs., Inc., 139 AD3d 515 [1st Dept 2016]). It is undisputed that there were contracts between plaintiff and Artisan. Plaintiff made a prima facie case on all of its contracts. Galvin's conclusory assertion that plaintiff breached the contracts is insufficient to defeat summary judgment as he does not specify how plaintiff failed to perform (see Stonehill Capital Mgmt., LLC v Bank of the W., 28 NY3d 439, 448 [2016]["bald, conclusory assertions or speculation and (a) shadowy semblance of an issue' are insufficient to defeat summary judgment"] [citations omitted]).
Although plaintiff failed to satisfy the requirements for piercing Artisan's corporate veil (see e.g. Retropolis, Inc. v 14th St. Dev. LLC, 17 AD3d 209, 211 [1st Dept 2005]), liability may be imposed on Galvin (Artisan's president and sole member) as to the 1411 Broadway project on the theory that "a corporate officer who participates in the commission of a tort can be held personally liable even if the participation is for the corporation's benefit" (id. at 211; see also Sergeants Benevolent Assn. Annuity Fund v Renck, 19 AD3d 107, 110 [1st Dept 2005]). Galvin pleaded guilty to forging lien waivers. Plaintiff submitted waivers, containing forgeries of its principal's signature, as to the 1411 Broadway project but not the other projects. The amount attributable to the 1411 Broadway project is $414,278.94.
Due to the existence of contracts between plaintiff and Artisan, which defendants admitted, the court should have denied plaintiff's motion for summary judgment on its second cause of action, which was for unjust enrichment (see e.g. Citibank, N.A. v Soccer for a Cause, LLC, 169 AD3d 401, 403 [1st Dept 2019], lv denied __ NY3d __, 2019 NY Slip Op 83020 [Oct. 29, 2019]). In addition, "unjust enrichment is not a catchall cause of action to be used when others fail. It is available only in unusual situations" (Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790 [2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 26, 2019
CLERK