P.F.G. INDUSTRIES, INC., et al., Appellants-Respondents v TEL-GLASS, INC., et al., Respondents-Appellants.

First Department, October 2, 1975

*Irving Payson Zinbarg* of counsel *(Eugene D. Zinbarg* with him on the brief; *Zinbarg & Zinbarg,* attorneys), for appellants-respondents.

*Franz S. Leichter* of counsel *(Wachtell, Manheim & Grouf,* attorneys), for respondents-appellants.

*Per Curiam.* Plaintiffs commenced this action to recover the balance of their share of profits due under an oral joint venture agreement involving the purchase and resale of 1,500 metric tons of styrene monomer, a material used in the manufacture of plastic products. Plaintiffs and one Mahmoud El Okdah, an alleged joint venturer but not a party to this action, each received $15,000. They now seek an additional $35,000 each designated by them as "commissions" and said to represent a one-fourth share each of the alleged profits of $223,999, less certain expenses advanced by defendants. Defendant Schaefer is the president of defendant Tel-Glass, Inc.

After service of the summons and complaint, defendants moved to dismiss the complaint on the grounds that it failed to state a cause of action and that the cause asserted was barred by the Statute of Frauds (General Obligations Law, § 5-701, subd 10). That motion was denied by order (HELMAN, J.) entered November 6, 1974 in New York County, and defendants appeal therefrom.

Prior to the hearing and determination of their motion to dismiss, defendants served their answer, which, in addition to denials, pleaded the affirmative defenses of payment, the Statute of Frauds, and lack of consideration on the part of the individual defendant, Schaefer. Thereafter, plaintiffs moved to strike the answer and the affirmative defenses therein and for summary judgment on liability upon the ground that there was no defense and the answer was without merit. Defendants opposed and sought summary judgment. By order (SARAFITE, J.) entered April 3, 1975 in New York County, the motion was granted to the extent of striking the affirmative defenses based upon the Statute of Frauds, but denied the motion as to the affirmative defenses of payment and lack of consideration as to the individual defendant. Plaintiffs' motion for summary judgment was denied, but defendants' application for summary judgment was granted and the complaint dismissed with

leave to plaintiffs to serve an amended complaint. Plaintiffs appeal from that order.

These companion appeals will be considered together since they involve the same parties and related questions of law and fact.

Considering first the appeal from the order entered April 3, 1975, such order is modified on the law to the extent of denying summary judgment as to defendant Tel-Glass, Inc., and as so modified is otherwise affirmed, with a single bill of costs and disbursements to defendant Schaefer only as to both appeals. The allegations of the complaint are insufficient to fix liability upon Schaefer individually. There is no assertion that he was to share in profits or losses and his actions, as set forth, appear to have been purely in his representative capacity as president of Tel-Glass, Inc. However, there are sharp issues of fact and credibility as between plaintiffs and Tel-Glass, Inc., which cannot be resolved on papers but which must await a trial. The mere failure of plaintiffs to allege an agreement to share losses as well as profits is not fatal, if other elements essential to a joint venture are present. *(Forman v Lumm,* 214 App Div 579.) There was a single transaction involved and such transaction was concluded profitably. The various arguments of law raised by the parties on the two motions at Special Term were adequately answered in the opinions of Justices HELMAN and SARAFITE. This court differs only with a portion of the conclusions reached and such dispositions as are contrary to the views expressed herein.

In view of our modification of the order entered April 3, 1975, the appeal from the order entered November 6, 1974 is dismissed as academic insofar as it relates to the denial of defendant Schaefer's motion to dismiss and is otherwise affirmed, with costs and disbursements (as above indicated) solely to defendant Schaefer.

STEVENS, P. J., MARKEWICH, CAPOZZOLI and LANE, JJ., concur.

Order, Supreme Court, New York County, entered on April 3, 1975, unanimously modified, on the law, to the extent of denying summary judgment as to defendant Tel-Glass, Inc., and, as so modified, otherwise affirmed, with a single bill of $60 costs and disbursements to defendant-respondent Schaefer only covering this appeal and Appeal No. 926 decided simultaneously herewith.

In view of this court's modification of the order entered on April 3, 1975, the appeal from the order entered November 6, 1974 is unanimously dismissed as academic insofar as it relates to the denial of defendant-respondent Schaefer's motion to dismiss and is otherwise affirmed, with costs and disbursements solely to defendant-respondent Schaefer as indicated in the order of this court covering Appeal No. 925 decided simultaneously herewith.