■ Thomas Kralic, Appellant, v Leona M. Helmsley, Respondent. [743 NYS2d 15] —Order, Supreme Court, New York County (Helen Freedman, J.), entered March 29, 2001, which granted defendant's motion for pre-answer dismissal of the complaint, unanimously modified, on the law and the facts, to the extent of reinstating the first and second causes of action and allowing plaintiff to seek up to $145,386 in damages for tortious interference with contract, and otherwise affirmed, with costs payable to plaintiff.

This matter arose from the nonpayment of a real estate brokerage commission to plaintiff in a transaction where defendant controlled the principal interests in two of the corporate

entities involved, the brokerage firm, plaintiff's employer at the time, and the general partner of the limited partnership which sold the property. The limited partner paid its half of the brokerage fee but the general partner did not and the brokerage firm declined to seek collection from the general partner or to pay plaintiff his share of the fee collected.

Plaintiff's first and second causes of action, for tortious interference with contract, were erroneously dismissed on both the grounds of untimeliness and failure to state a claim. In the first instance, such claims did not accrue at the time when the real estate transaction occurred but rather at the point in time when defendant would have presumably engaged in conduct to elicit the breach (*see, Kronos v AVX Corp.*, 81 NY2d 90, 94; *American Fed. Group v Edelman*, 282 AD2d 279), i.e., after plaintiff billed the seller for the brokerage commission. The invoice was originally submitted on December 31, 1996 and was resubmitted on February 13, 1997, at which time plaintiff was advised by his employer that they had been ordered to not pay his commission. Thus it is fair to infer from the pleadings that defendant's alleged conduct took place in January or early February 1997. Commencement of this action in December 1999 was, therefore, well within the three-year limitations period.

When accorded its proper treatment on a CPLR 3211 (a) (7) motion to dismiss, that is, accepting the material allegations as true and giving plaintiff the benefit of every reasonable inference (*see, McGill v Parker*, 179 AD2d 98, 105), the complaint sets forth sufficient facts such that a cognizable claim for tortious interference with contract can be discerned (*see, Foster v Churchill*, 87 NY2d 744, 749-750). Defendant's alleged conduct in causing the brokerage firm not to seek collection of its fee from the general partner, while of obvious advantage to the interests of defendant and the general partner, clearly worked to the economic disadvantage of the brokerage firm and, absent any showing of economic justification with regard to the brokerage firm, supports plaintiff's claim that defendant engaged in indefensible, malicious conduct to wrongfully deprive him of that portion of his commission (*see, Foster v Churchill, supra* at 750; *NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614, 621; *Bank of N.Y. v Berisford Intl.*, 190 AD2d 622). The nonpayment of plaintiff from the half of the fee paid by the seller's limited partner, although harsh, was economically justifiable since it saved the brokerage firm, and its principal, money. Consequently, plaintiff has stated a sufficient claim, at this pre-discovery stage of the proceedings, for

his share of the general partner's unpaid half of the commission or $145,386. Finally, the issues raised with respect to a piercing of the corporate veil of the brokerage firm and as to individual partnership liability raise factual questions not determinable on a pre-answer motion to dismiss.

We have considered plaintiff's remaining contentions and find them to be without merit. Concur—Williams, P.J., Nardelli, Saxe, Wallach and Friedman, JJ.