(March 25, 2003)

 BRENDA M. SIMS et al., Appellants, v FIRST CONSUMERS NATIONAL BANK et al., Respondents. [758 NYS2d 284] —Order, Supreme Court, New York County (Charles Ramos, J.), entered February 21, 2002, which granted defendants' pre-answer motion for dismissal of the complaint, unanimously reversed, on the law, with costs, the motion denied and the complaint reinstated.

In this putative class action plaintiffs allege that high-

pressure sales tactics lured them into accepting credit cards with hidden fees. Plaintiffs allege that defendants use advertising to market secured credit cards to people who otherwise have difficulty receiving credit, that the ads hide certain fees by not mentioning them thereby deceiving customers, and that when an applicant is approved for a secured card, defendant bank sends a document titled "FCNB Credit Card Agreement" with a disclosure statement on the reverse side in six-point type. Both plaintiffs claim that they did not learn of annual or overlimit fees until incurred and then only when a customer service representative referred them to the "minuscule" disclosure statement. Plaintiffs' causes of action are: (1) for deceptive acts and practices in violation of General Business Law § 349; (2) for breach of contract in that plaintiffs were charged fees not properly disclosed; and (3) for breach of defendants' duty of good faith and fair dealing.

Defendants moved under CPLR 3211 (a) (1) and (7) for dismissal of the complaint relying on the disclosure statements provided plaintiffs. Plaintiffs argued that since those disclosure statements were in a smaller type than allowed under CPLR 4544, they were inadmissible. The IAS court granted defendants' motion, construing plaintiffs' reliance on CPLR 4544 as an unwarranted attempt to create a private right of action. Noting that plaintiffs had voluntarily paid certain invoices, the IAS court found that as a matter of law the disclosure statements barred plaintiffs' claims. Since plaintiffs' complaint does not depend on CPLR 4544 as a private right of action and since we discern disputed issues of fact, we reverse.

Plaintiffs' pleading does not seek relief for a violation of CPLR 4544; damages are sought, instead, on three separate causes of action arising from alleged deceptive practices, contract breaches and breaches of the duty of good faith and fair dealing. The standard against which defendants' pre-answer motion should have been decided is whether or not, "accepting the material allegations as true and giving plaintiff the benefit of every reasonable inference [citation omitted], the complaint sets forth sufficient facts such that a cognizable claim * * * can be discerned" (see *Kralic v Helmsley*, 294 AD2d 234, 235 [2002]). The gist of plaintiffs' deceptive practices claim is that the typeface and location of the fee disclosures, combined with high-pressure advertising, amounted to consumer conduct that was deceptive or misleading in a material way, causing plaintiffs damages for purposes of General Business Law § 349. Whether defendants' conduct was deceptive or misleading is a question of fact. The applicable legal standards against which

the disclosure statement must be analyzed are provided by Regulation Z, which is derived from the Federal Truth in Lending Act (12 CFR 226.5; *Sagal v First USA Bank*, 69 F Supp 2d 627 [1999], *affd* 254 F3d 1078 [2001]). Regulation Z does not preempt state consumer protection laws completely but requires that consumer disclosures be "clearly and conspicuously in writing" (12 CFR 226.5 [a] [1]) and, considering type size and placement, this is often a question of fact (*see Landreneau v Fleet Fin. Group*, 197 F Supp 2d 551 [2002]). Here, plaintiffs allege, and should be afforded an opportunity to convince a factfinder, that an average reader could not readily locate the disclosures within the material provided and that such "hidden" fees, when combined with high-pressure advertising to a uniquely vulnerable group of consumers, amounted to consumer conduct which was deceptive or misleading in a material way. If a factfinder concluded that the disclosure statement was not clear or conspicuous as required by Regulation Z, it could invalidate the fee provision or, alternatively, see it as a violation of the implied duty of good faith and fair dealing. In either event, it is clear that this complaint should not have been dismissed for a perceived failure to establish a private right of action under CPLR 4544, and that plaintiffs have pleaded sufficient facts to support causes of action for deceptive practices, breach of contract and breach of the implied duty of good faith and fair dealing.

Defendants have also argued that the implied duty claim should be dismissed as duplicative of the contract claim (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308 [1995]). While contract and implied duty claims may be redundant, there are cases in which both are viable (*Fyrdman & Co. v Credit Suisse First Boston*, 272 AD2d 236, 237-238 [2000]). Since the issues in the instant case are still undeveloped in this pre-answer stage, both claims at this stage should stand. Concur—Buckley, P.J., Ellerin, Lerner, Friedman and Marlow, JJ.