■ OXFORD HEALTH PLANS (NY), INC., et al., Respondents, v BETTERCARE HEALTH CARE PAIN MANAGEMENT & REHAB PC et al., Appellants, et al., Defendants. [762 NYS2d 344] —Order, Supreme Court, New York County (Ira Gammerman, J.),

entered September 13, 2002, which, to the extent appealed from, denied, in part, defendants-appellants' motion to dismiss the complaint, unanimously affirmed, without costs.

Defendants-appellants are medical professional corporations, their shareholders and principals, and their employees. The professional corporations have billed plaintiffs health maintenance organizations (HMOs) for services rendered to HMO members. The billings allegedly were fraudulent.

Contrary to defendants' contention, the action is not preempted by federal law governing employment benefits since, even if the relief sought is obtained, the action's outcome will not affect whether the various patients' employers can choose plaintiffs' HMOs as their plan providers, how those employers will administer health benefits, or how the federal government uniformly regulates such benefits (*see Nealy v US Healthcare HMO*, 93 NY2d 209, 220 [1999]). There is no apparent possibility that this action will affect "the terms of an ERISA plan" (*see Danca v Private Health Care Sys., Inc.*, 185 F3d 1, 5 [1999]).

As to the pleadings themselves, contrary to defendants' repeated assertions, plaintiffs' claims of fraud are sufficiently premised on affirmative misrepresentations and are not based simply on allegations that defendants fraudulently concealed the extent of defendant professional corporations' compliance with applicable corporate and licensing statutes (*cf. Universal Acupuncture Pain Servs., P.C. v State Farm Mut. Auto. Ins. Co.*, 196 F Supp 2d 378, 387 [2002]). To cite just a few examples, plaintiffs have alleged that various defendants have billed for services rendered by a physician when they were actually rendered by a chiropractor or acupuncture practitioner; that they have billed for medically unnecessary services; and that they have submitted bills showing that the same physician rendered services simultaneously in several different places.

Plaintiffs have pleaded the elements of fraud (*see e.g. New York City Tr. Auth. v Morris J. Eisen, P.C.*, 276 AD2d 78, 85 [2000]) with sufficient particularity under the circumstances, keeping in mind that CPLR 3016 (b) should not be interpreted so strictly as to defeat an otherwise valid cause of action where it may be impossible to state, in detail, the circumstances constituting the fraud (*see Houbigant, Inc. v Deloitte & Touche*, 303 AD2d 92, 98 [2003]), and allowing for the likelihood that, here, the surrounding circumstances are peculiarly within the knowledge of defendants-appellants (*see id.*).

We have considered defendants-appellants' remaining argu-

ments and find them unavailing. We note in particular that fact-based arguments, such as those bearing upon the propriety of piercing the corporate veil, are inappropriate in the context of defendants' pre-answer motion (*see Kralic v Helmsley*, 294 AD2d 234, 236 [2002]). Concur—Tom, J.P., Saxe, Ellerin, Lerner and Gonzalez, JJ.