■ COOPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., Respondent, v ROYAL BANK OF CANADA, Appellant, et al., Defendants. [760 NYS2d 849] —Order, Supreme Court, New York County (Charles Ramos, J.), entered February 5, 2003, which denied the motion of defendant bank (hereinafter defendant) for dismissal of the complaint on grounds, alternatively, of forum non conveniens, failure to state a cause of action or documentary evidence, and order, same court and Justice, entered March 24, 2003, which denied defendant's motion for renewal, unanimously affirmed, with one bill of costs.

The subject transaction, despite its international scope, has a nexus with New York sufficient to warrant the conclusion that the denial of that branch of defendant's motion seeking dismissal of the action on the ground of forum non conveniens did not constitute an abuse of the motion court's discretion (*see World Point Trading PTE v Credito Italiano*, 225 AD2d 153, 158-159 [1996]). We note in particular the acknowledgment in the swap confirmation that defendant was acting through its New York branch. We also note that the transactions in this case are expected to be a part of the issues on which discovery is focused in federal bankruptcy proceedings on Enron Corporation's chapter 11 petition filed in the Southern District of New York.

None of defendant's substantive arguments for dismissal of the pleadings can be resolved at the pre-answer stage in light of "well known" restrictions on the availability of such relief (*see McGill v Parker*, 179 AD2d 98, 105 [1992]). Even if we were to apply English law to plaintiff's claims of fraudulent misrepresentation, and even if we were to find that the conflicting opinions in the affidavits of the two sides' English law experts raised no triable issue (*but see e.g. Rubino v Bondi*, 36 Misc 2d 973, 975 [1962]), we would nonetheless find that plaintiff has pleaded circumstances from which it may be reasonably inferred that facts were wrongfully withheld from it by defendant. We would reach the same conclusion under New York law (*see P.T. Bank Cent. Asia v ABN AMRO Bank*, 301 AD2d 373 [2003]).

Applying New York law to the third and fourth causes of action, since they concern defendant's alleged participation in acts by Enron, involving a closing in New York and a series of agreements expressly governed by New York law, we conclude

that plaintiff's pleadings state cognizable claims that defendant aided and abetted a fraud upon plaintiff by Enron (*see Franco v English*, 210 AD2d 630, 633 [1994]) and participated in a joint venture with Enron for fraudulent ends (*see P.F.G. Indus. v Tel-Glass, Inc.*, 49 AD2d 112, 114 [1975]).

As to plaintiff's contract causes, defendant concedes that the fifth cause of action is governed by New York law and does not argue that the sixth cause of action presents legal issues the resolution of which would turn upon whether English or New York law was applied. The contract causes are not subject to dismissal on the ground of documentary evidence since the documents submitted by defendant do not flatly contradict plaintiff's allegations as to the related agreements (*cf. Morgenthow & Latham v Bank of N.Y. Co.*, 305 AD2d 74, 78 [2003]).

While defendant contends that plaintiff's demands for rescission should be dismissed because plaintiff accepted the benefits of the subject agreement (*see Reader v Reader*, 236 AD2d 829 [1997]), whether plaintiff did, in fact, accept the benefits of the agreement presents an issue not appropriate for resolution on a pre-answer motion (*see Oxford Health Plans v Bettercare Health Care Pain Mgt. & Rehab*, 305 AD2d 223 [2003]).

Were we to find, as to any of the questions to which we have applied New York law, that English law should instead apply, we would reach the same conclusions.

We have considered defendant's remaining arguments and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Saxe, Rosenberger and Friedman, JJ.