Joshua RUBIN, a Florida resident, on behalf of himself and all other Florida residents similarly situated, Plaintiff,

v.

MASTERCARD INTERNATIONAL, LLC, a Delaware Corporation, Defendant.

No. 03 Civ. 6588(WHP).

United States District Court, S.D. New York.

Oct. 14, 2004.

Lance A. Harke, Harke & Clasby LLP, Miami, FL, for Plaintiff.

Theodore Allegaert, Weil, Gotshal & Manges LLP, New York, for Defendant.

### MEMORANDUM & ORDER

PAULEY, District Judge.

Plaintiff Joshua Rubin filed this putative class action against MasterCard International, LLC ("MasterCard") in Florida state court, alleging violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.* ("FDUTPA"). MasterCard subsequently removed the action to the Southern District of Florida pursuant to 28 U.S.C. §§ 1441(b) and 1446, asserting federal question jurisdiction under 28 U.S.C. § 1331. Thereafter, the Judicial Panel on Multi–District Litigation ("JPML") granted MasterCard's motion to transfer this action to this Court as related to *In re Currency Conversion Fee Antitrust Litig.*, MDL No. 1409, M 21–95.[1]

Plaintiff moves to remand this action to the Florida state court pursuant to 28 U.S.C. § 1447 on the ground that no federal question jurisdiction exists. Plaintiff also seeks an award of attorneys' fees. For the following reasons, plaintiff's motion to remand is granted.

### BACKGROUND

On April 16, 2003, plaintiff filed this action in Florida's Eleventh Circuit Court for Miami Dade County (Case No. 03–09368 CA20) on behalf of a proposed class of Florida consumers. The Complaint challenges MasterCard's practice of charging cardholders a one percent "currency conversion fee" on purchases outside the United States under FDUTPA. Plaintiff claims that MasterCard's assessment of a currency conversion fee constitutes a "deceptive practice" under FDUTPA because it is not disclosed in MasterCard's mailings, advertisements, or other promotional materials. Plaintiff also asserts that the currency conversion fee violates FDUTPA because it is not reasonably related to MasterCard's costs for processing cardholder transactions outside the United States.

MasterCard contends that plaintiff's claim raises a substantial federal question because the duty to disclose arises under the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"), and its implementing regulation, 12 C.F.R. § 226 ("Regulation Z"), not FDUTPA.

### Discussion

"Removal statutes are construed narrowly and all uncertainties are resolved in favor of remand in order to promote the goals of federalism, restrict federal court jurisdiction, and support the plaintiff's right to choose the forum." *Curtin v. Port Auth. of New York*, 183 F.Supp.2d 664, 667 (S.D.N.Y.2002); *accord Somlyo v. J. Lu–Rob Enter., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir.1991); *Stamm v. Barclays Bank of New York*, No. 96 Civ. 5158(SAS), 1996 WL 614087, at *1 (S.D.N.Y. Oct.24, 1996); *see Gilman v. BHC Sec., Inc.*, 104 F.3d

---

1. Accordingly, Second Circuit law is controlling. *See Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir.1993) ("[A] transferee federal court should apply its interpretations of federal law, not the constructions of the transferor circuit.").

1418, 1428 (2d Cir.1997). The removing party has the burden of demonstrating that federal jurisdiction exists. *Grimo v. Blue Cross/Blue Shield,* 34 F.3d 148, 151 (2d Cir.1994); *Curtin,* 183 F.Supp.2d at 667.

A case may be removed to federal court only if it could have been filed in federal court in the first instance. *Vera v. Saks & Co.,* 335 F.3d 109, 113 (2d Cir.2003); *Cicio v. Does 1–8,* 321 F.3d 83, 92 (2d Cir.2003); *D'Alessio v. New York Stock Exch.,* 258 F.3d 93, 99 (2d Cir.2001). A court must determine whether there is a federal question by reference to the "well-pleaded complaint" doctrine, which requires that the court look solely to the claims pleaded by plaintiffs and ignore potential defenses or counterclaims. *D'Alessio,* 258 F.3d at 100; *Curtin,* 183 F.Supp.2d at 667; *Aetna U.S. Healthcare, Inc. v. Maltz,* No. 98 Civ. 8829(WHP), 1999 WL 285545, at *2 (S.D.N.Y. May 4, 1999).

However, an action may be removed even where the complaint does not contain a federal claim on its face if it is "artfully pleaded" to avoid making explicit reference to what is in actuality a federal claim. *D'Alessio,* 258 F.3d at 100; *Curtin,* 183 F.Supp.2d at 667. In essence, when reviewing the complaint, "the Court must ... determine whether the substance of those allegations raises a federal question." *West 14th St. Commercial Corp. v. 5 West 14th Owners Corp.,* 815 F.2d 188, 193–94 (2d Cir.1987); *accord D'Alessio,* 258 F.3d at 100. The artfully pleaded doctrine "prevents a plaintiff from avoiding removal by framing in terms of state law a complaint the real nature of [which] is federal, regardless of plaintiff's characterization, or by omitting to plead necessary federal questions in a complaint." *D'Alessio,* 258 F.3d at 100 (alteration in original) (internal citations omitted).

"[A] case is deemed to 'arise under' federal law ... 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *D'Alessio,* 258 F.3d at 99 (citations omitted). However, the "mere presence of a federal issue in a state cause of action" will not necessarily confer "arising under" jurisdiction. *Merrell Dow Pharms., Inc. v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). Rather, for federal question jurisdiction to exist, the plaintiff's right to relief must necessarily depend on a substantial question of federal law. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) ("[A]n action 'arises under' federal law if in order for the plaintiff to secure the relief sought he will be obliged to establish both the correctness and the applicability to his case of a proposition of federal law."); *Gully v. First Nat'l Bank in Meridian,* 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70 (1936) ("[T]o bring a case within the [removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.").

It is undisputed that the Complaint makes no reference to any federal claim. However, MasterCard contends that FDUTPA does not impose any independent duty of disclosure. According to MasterCard, therefore, Rubin must rely on TILA and Regulation Z for such a duty. Thus, MasterCard argues that Rubin's claims require this Court to interpret federal law, triggering federal question jurisdiction.

■ FDUTPA is a broad, prophylactic statute that prohibits unfair or deceptive business practices and imposes a general duty to deal fairly with consumers. *See* Fla. Stat. § 501.203(3). Under FDUTPA, "[u]nfair methods of competition, unconscionable acts or practices, and unfair or

deceptive acts or practices in the conduct of any trade or commerce are . . . unlawful." Fla. Stat. § 501.204. While Florida's Legislature has not specifically defined "unfair or deceptive acts," it has directed that the Statute "be construed liberally . . . to protect the consuming public . . . from those who engage in . . . deceptive or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202; *Samuels v. King Motor Co. of Fort Lauderdale,* 782 So.2d 489, 499 (Fla. 4th Dist.Ct.App.2001). A violation may thus be predicated on "[a]ny law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices." Fla. Stat. § 501.203(3)(c). Accordingly, TILA's disclosure requirements may serve as the basis for a FDUTPA violation since "the purpose of TILA is to protect the consumer from inaccurate and unfair credit practices." 15 U.S.C. § 1601; *see also Ramadan v. Chase Manhattan Corp.,* 156 F.3d 499, 502 (3d Cir.1998) ("Congress enacted TILA to guard against the danger of unscrupulous lenders taking advantage of consumers through fraudulent or otherwise confusing practices.").

■■■ Additionally, in determining what constitutes "unfair or deceptive acts" under FDUTPA, considerable weight is accorded to federal interpretations of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1) ("FTC Act"). *See Samuels,* 782 So.2d at 499; *Urling v. Helms Exterminators, Inc.,* 468 So.2d 451, 453 (Fla. 1st Dist.Ct.App.1985). Under the FTC Act, an "unfair or deceptive practice" is one that is "likely to mislead" consumers, *see Southwest Sunsites, Inc. v. Fed. Trade Comm'n,* 785 F.2d 1431, 1436 (9th Cir. 1986), or that is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Spiegel, Inc. v. Fed. Trade Comm'n,* 540 F.2d 287, 293 (7th Cir.1976); *see also Fed. Trade Comm'n v. 1263523 Ontario, Inc.,* 205

F.Supp.2d 205, 209 (S.D.N.Y.2002) ("Misrepresentations of material facts made to induce the purchase of goods or services constitute unfair or deceptive acts or practices and are prohibited by Section 5(a) of the FTC Act.").

■■■ FDUTPA's reliance on federal court interpretations of the FTC Act to define "unfair or deceptive acts" does not confer federal subject matter jurisdiction. It is well settled that transplanting a term from a federal statute to a state statute is an insufficient basis for inferring original federal jurisdiction over a state law claim. *See Merrell Dow Pharms. v. Thompson,* 478 U.S. 804, 806, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) (no federal jurisdiction where federal statute was merely incorporated by reference as a standard of conduct in state negligence action); *see also Franchise Tax Bd.,* 463 U.S. at 27–28, 103 S.Ct. 2841 ("Congress has given the lower federal courts jurisdiction to hear . . . only those cases in which . . . federal law creates the cause of action or [in which] the plaintiff's right to relief *necessarily depends* on resolution of a substantial question of federal law.") (emphasis added).

In view of the wide spectrum of unscrupulous conduct punishable as "an unfair or deceptive practice" under the FTC Act and thus FDUTPA, Florida courts have held that the failure to make adequate disclosures to consumers is actionable under FDUTPA. *See Samuels,* 782 So.2d at 494–99 (allegations that auto dealer misrepresented terms of car purchase agreement sufficient to state claim under FDUTPA); *Davis v. Powertel, Inc.,* 776 So.2d 971, 974–75 (Fla. 1st Dist.Ct.App. 2000) (putative consumer class stated claim under FDUTPA for defendant's failure to disclose certain modifications to cell phones it sold); *Millennium Communications & Fulfillment, Inc. v. Office of the Attorney Gen.,* 761 So.2d 1256, 1260

(Fla.3d Dist Ct.App.2000) (applying FDUTPA to company's use of postcards to advertise or promote its credit card program for failure to disclose certain aspects of that program to consumers); *Cummings v. Warren Henry Motors, Inc.*, 648 So.2d 1230, 1232–33 (Fla. 4th Dist.Ct.App. 1995) (plaintiff who alleged that car dealership intentionally concealed he was entering a lease agreement, rather than a sales agreement, stated cognizable FDUTPA claim).

In sum, while a TILA violation may give rise to liability under FDUTPA, *see* Fla. Stat. § 501.203(3)(c), Rubin's claim does not necessarily implicate a substantial issue of federal law since the failure to make adequate disclosures to consumers is actionable under the Florida statute irrespective of whether plaintiff invokes federal law. *See, e.g., Samuels*, 782 So.2d at 494–99; *cf. D'Alessio*, 258 F.3d at 101–02 (removal proper where "the gravamen of [plaintiff's] state law claims is that the [defendant] and its officers conspired to violate the federal securities laws ... and failed to perform its statutory duty, *created under federal law*, to enforce its members' compliance with those laws.") (emphasis in original). The "federal ingredient" in this action is therefore insufficient to give rise to federal subject matter jurisdiction under 28 U.S.C. § 1331. *See People v. Trans World Airlines, Inc.*, 728 F.Supp. 162, 184–85 (S.D.N.Y.1989) (granting motion to remand "[b]ecause no 'substantial, disputed question of federal law' constitutes a 'necessary element' of [plaintiff's] claims against [defendants].") (internal quotations omitted).

Although Rubin has not expressly disavowed reliance on federal law (Transcript of Hearing, dated January 16, 2004 ("Tr.") at 15), that does not weigh against remand. While this Court required the plaintiffs in *Fischer v. MasterCard Intern., Inc.* to renounce reliance on federal law before re-

manding that action to state court, the state statute in that case was based on Regulation Z. *See* No. 03 Civ. 2111(WHP), 2003 WL 22110169, at *2 (S.D.N.Y. Sept.11, 2003) (explaining that disclosure requirements under New York General Business Law ("GBL") § 349 are provided by Regulation Z) (citing *Sims v. First Consumers Nat'l Bank*, 303 A.D.2d 288, 758 N.Y.S.2d 284 (1st Dep't 2003)). Therefore, had the *Fischer* plaintiffs not disavowed reliance on federal law, their state law claims would have required adjudication of Regulation Z and TILA. *See Fischer*, 2003 WL 22110169, at *2. In contrast, Rubin's FDUTPA claim does not necessitate interpretation of federal law since the failure to make adequate disclosures to consumers is independently actionable irrespective of whether a plaintiff relies on federal authority. *See, e.g., Samuels*, 782 So.2d at 494–99; *Davis*, 776 So.2d at 974–75.

■ Plaintiff also moves for an award of attorney's fees. The federal removal statute provides in part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). This Court concludes that MasterCard's removal was non-frivolous and stemmed from legitimate concerns over subject matter jurisdiction. *See Fischer v. MasterCard Intern., Inc.*, No. 03 Civ. 2111(WHP), 2003 WL 22110169, at *5 (S.D.N.Y. Sept.11, 2003) (denying award of attorneys' fees where Court found that removal was not a "frivolous or dilatory tactic."). Accordingly, plaintiff's motion for attorneys' fees is denied.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand this action to the Florida state court is granted, and his applica-

tion for attorneys' fees is denied. The Clerk of the Court is directed to mark this case closed and to remand this action to the Florida Eleventh Circuit Court in and for Miami–Dade County.

SO ORDERED.