■ ETEX APPAREL, INC., Respondent, v TRACTOR INTERNATIONAL CORP., Defendant, and HDT HOLDINGS CORP. et al., Appellants. [922 NYS2d 315]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered July 28, 2010, which, in this action alleging, among other things, breach of contract, denied the motion of defendants-appellants HDT Holdings Corp., Howard Mensch, Diane Kuczer, and Thomas Piraneo for "partial" summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint as against defendants-appellants.

Defendants-appellants satisfied their prima facie burden of demonstrating their entitlement to judgment as a matter of law. In opposition, plaintiff failed to raise a triable issue of fact (*see Nassau County v Richard Dattner Architect, P.C.,* 57 AD3d 494 [2008]). Even if the evidence is viewed in a light most favorable to plaintiff, at most, it shows that, among other things, HDT and defendant Tractor International Corp. had common owners, shared an office, and that, after Tractor ceased its operations, HDT continued in the business Tractor previously engaged in and, together with a new licensee, sold goods to "some" of Tractor's former customers. Such facts are not sufficient to satisfy the "heavy burden" necessary to pierce the corporate veil or to establish an alter ego relationship (*TNS*

*Holdings v MKI Sec. Corp.*, 92 NY2d 335, 339 [1998]). The record is replete with indicia that defendants-appellants, although related to Tractor, still maintained their separate corporate or individual identities. Further, the record is devoid of evidence that defendants-appellants completely dominated and controlled Tractor so as to perpetuate a fraud or commit a wrong against plaintiff (*see Matter of Island Seafood Co. v Golub Corp.*, 303 AD2d 892, 895 [2003]). Concur—Mazzarelli, J.P., Renwick, DeGrasse, Freedman and Richter, JJ.