Order, Supreme Court, New York County (Joan M. Kenney, J.), entered November 12, 2013, which, to the extent appealed from, denied the motion of defendants O This Way Up, Inc., also known as and doing business as This Way Up, Robert Salloum and Okib Salloum (collectively OTWU) for summary judgment dismissing the complaint and all cross claims as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
OTWU established its entitlement to judgment as a matter of law, in this action where plaintiff alleges she was injured when a medicine cabinet installed in her bathroom by OTWU and/or by defendant Sunshine Quality Construction, Inc., fell and hit her. OTWU submitted deposition testimony of its principal that OTWU did not install the medicine cabinet in plaintiff’s bathroom before she terminated its employment. Such testimony was consistent with the testimony of Sunshine’s president and its employee that the medicine cabinets had not been installed when they took over the job from OTWU. Thus, since OTWU demonstrated it was not responsible for the installation of the cabinet, it owed no duty to plaintiff with respect to its condition (see Kenney v City of New York, 30 AD3d 261, 262 [1st Dept 2006]).
In opposition, plaintiff failed to raise a triable issue of fact. Her expert engineer opined that the accident was caused by the negligent installation of the cabinet, which failed to give it the proper support and structural integrity. However, the deposition testimony of both of the principals of OTWU and Sunshine demonstrated that OTWU was not involved in the installation of the cabinet, even if OTWU had performed some initial preparatory work for the cabinet’s installation. Furthermore, although Sunshine also denies having installed the medicine cabinet, that does not raise an issue of fact as to whether its predecessor on the job, OTWU, was responsible.
*641 In view of the evidence that OTWU did not install the subject cabinet, plaintiffs reliance on the doctrine of res ipsa loquitur, is misplaced (see e.g. Hodges v Royal Realty Corp., 42 AD3d 350 [1st Dept 2007]).
Concur—Tom, J.E, Moskowitz, DeGrasse, Richter and Kapnick, JJ.