■ Andrew Lavoott Bluestone, Respondent, v J. Tortorella Heating & Gas Specialists, Inc., Appellant, et al., Defendant. [998 NYS2d 166]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered July 19, 2013, which denied defendant J. Tortorella Heating & Gas Specialists, Inc.'s motion for summary judgment

dismissing the complaint as against it, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Tortorella Heating established prima facie, through deposition testimony, contracts, and work orders, that it installed a pool heater for plaintiff, which did not involve the use of chemicals. In opposition, plaintiff failed to submit evidence showing that Tortorella Heating introduced chemicals into the pool as part of its heater installation work (*see Edelman v O This Way Up, Inc.*, 117 AD3d 640 [1st Dept 2014]).

Plaintiff failed to identify any record support for his contention that Tortorella Heating "completely dominated and controlled" defendant Tortorella Swimming Pool Service and Maintenance, Inc. so as to perpetuate a fraud or commit a wrong against him (*see Etex Apparel, Inc. v Tractor Intl. Corp.*, 83 AD3d 587, 588 [1st Dept 2011]). Indeed, the complaint alleges a breach of two separate contracts entered into with two separate entities, namely, Tortorella Heating and Tortorella Swimming Pool, and plaintiff testified that he understood they were separate corporations.

Since Tortorella Heating's heater replacement work did not involve the use of chemicals, plaintiff cannot invoke the doctrine of res ipsa loquitur to hold it liable for the damage allegedly caused by chemicals to the vinyl lining of his pool (*see Edelman*, 117 AD3d at 641; *see also Hodges v Royal Realty Corp.*, 42 AD3d 350 [1st Dept 2007]). Concur—Gonzalez, P.J., Mazzarelli, Manzanet-Daniels, Gische and Clark, JJ.