■ DENNIS DEMETRE et al., Appellants, v HMS HOLDINGS CORP., Respondent. [7 NYS3d 110]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered on or about November 1, 2013, which, to the extent appealed from, granted the motion of defendant, HMS Holdings Corp. (HMS), to dismiss the causes of action for fraud and breach of the implied covenant of good faith and fair dealing, unanimously modified, on the law, the motion denied as to the cause of action for breach of the implied covenant of good faith and fair dealing, and otherwise affirmed, without costs.

Plaintiffs were the owners and shareholders of Allied Management Group-Special Investigation Unit (AMG). Pursuant to a stock purchase agreement (SPA), HMS acquired all of the shares in AMG. Under the SPA, the purchase price for AMG consisted of a single "up-front" cash payment of $13 million at closing, plus two subsequent annual "earn-out" or "contingent" payments. The earn-out or contingent payments were based on the financial performance of AMG. HMS made the up-front payment of $13 million at closing, but plaintiffs received "zero dollars" in contingent payments at the end of June 2011 and June 2012.

The dismissal of the claim for breach of the implied covenant of good faith and fair dealing, at this juncture, is premature. The court's dismissal of the claim as duplicative of the breach of contract claim is inconsistent with its determination that the "best efforts" clause, allegedly being breached, is ambiguous as to whether it applied to HMS's post-acquisition opera-

tion of AMG. Because the issues are still undeveloped at this stage of the proceeding, both claims should be permitted to stand (*see Sims v First Consumers Natl. Bank,* 303 AD2d 288 [1st Dept 2003]).

Further, to the extent the "best efforts" clause could be found inapplicable, plaintiffs have sufficiently pleaded a claim for breach of the implied covenant, as the allegations show that HMS, in bad faith, engaged in acts that had the effect of destroying or injuring plaintiffs' right to receive "the fruits of the contract," i.e., the contingent payments (*Dalton v Educational Testing Serv.,* 87 NY2d 384, 389 [1995] [internal quotation marks and citation omitted]). HMS's contention that the claim would impose on it obligations that are inconsistent with other terms of the contract is unavailing, as plaintiffs were alleging that it failed to fulfill promises that "a reasonable person in the position of the promisee would be justified in understanding were included" (*511 W. 232nd Owners Corp. v Jennifer Realty Co.,* 98 NY2d 144, 153 [2002]). We decline to review HMS's unpreserved argument that the Uniform Commercial Code governs the agreement.

The court, however, properly dismissed the fraud claim as duplicative of the breach of contract claim, as plaintiffs' were alleging only that HMS misrepresented its intent to perform the contractual obligations at the time they were made (*see New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 318 [1995]; *Forty Cent. Park S., Inc. v Anza,* 117 AD3d 523 [1st Dept 2014]). Concur—Tom, J.P., Sweeny, Renwick and Andrias, JJ.