█ STEVEN BENKOVSKY, Appellant, v GREGG LORENZO et al., Respondents. [65 NYS3d 713]—

Order, Supreme Court, New York County (David B. Cohen, J.), entered September 30, 2016, which denied plaintiff's motion for summary judgment and granted defendant Gregg Lorenzo's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The motion court correctly dismissed the complaint, which alleged claims against Lorenzo only. On the breach of contract claim, Lorenzo established that he was not a party to the loan agreement and had not executed a written personal guarantee;

plaintiff failed to raise issues of fact as to either issue. Claims of an oral guarantee of defendant GJL's obligations are barred by the statute of frauds (see General Obligations Law § 5-701 [a] [2]).

As for the unjust enrichment claim, Lorenzo established the loan proceeds were used for their stated purpose and not to unjustly enrich him, and plaintiff failed to raise issues of fact as to this point (see Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516 [2012]). Plaintiff's unsupported testimony that he believed defendants were alter egos of each other, fell short of creating a triable issue. Plaintiff's alleged belief was belied by his request that Lorenzo personally guarantee GJL's loan, which showed he understood the two defendants to be distinct from each other.

Defendant showed that the claims for misrepresentation and fraud were duplicative of the breach of contract claim, and plaintiff presented no grounds to show how the claims could be sustained independently (see Demetre v HMS Holdings Corp., 127 AD3d 493, 494 [1st Dept 2015]). In addition, plaintiff failed to show a "special relationship" sufficient to sustain the negligent misrepresentation claim (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 180 [2011]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Friedman, J.P., Gische, Webber, Kahn and Singh, JJ.