Pavich v Pavich (2020 NY Slip Op 07506)





Pavich v Pavich


2020 NY Slip Op 07506


Decided on December 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 15, 2020

Before: Kapnick, J.P., Mazzarelli, Singh, Kennedy, JJ. 


Index No. 655799/18 Appeal No. 12650 Case No. 2020-02832 

[*1]Joseph Pavich, et al., Plaintiffs-Appellants,
v
Raymond Pavich et al., Defendants, World Cinema, Inc., Defendant-Respondent.


The Law Office of Aaron M. Schlossberg, P.L.L.C., New York (Aaron Schlossberg of counsel), for appellants.
Gordon Rees Scully Mansukhani, LLP, New York (Ryan James Sestack of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered January 10, 2020, which granted the CPLR 3211(a)(7) motion of defendant World Cinema, Inc. (WCI), to dismiss the complaint as against it, unanimously reversed, on the law, with costs, the motion denied, and the complaint reinstated as against WCI.
Accepting the truth of the facts alleged in the complaint and submissions in opposition to the motion and according plaintiffs the benefit of every possible favorable inference (see Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 414 [2001]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]), plaintiffs had a longstanding business relationship with WCI, entailing media installation projects at area hotels. Each of these jobs entailed its own contract with WCI. Plaintiffs performed their duties under each contract. WCI breached at least nine of these contracts by transferring the work to defendants Raymond Pavich and Superior Satellite Specialists (SSS), with resultant damages to plaintiffs. By the foregoing, plaintiffs have adequately pled a cause of action for breach of contract (see Second Source Funding, LLC v Yellowstone Capital, LLC, 144 AD3d 445, 445-446 [1st Dept 2016]; Nevco Contr. Inc. v R.P. Brennan Gen. Contrs. & Bldrs., Inc., 139 AD3d 515, 515 [1st Dept 2016]). Defendant's contrary contentions notwithstanding, plaintiffs have sufficiently identified the contract provisions breached by WCI: plaintiffs allege that they undertook to install media equipment at the various hotels, and WCI agreed to pay them for the work. WCI breached by either failing to pay for work performed, or else by anticipatorily breaching by taking jobs away from plaintiffs and giving them to Raymond and SSS. These allegations are sufficient at this pleading stage.
Given plaintiffs' sufficient allegations of breaches of multiple contracts at multiple sites, at this pre-answer stage, the cause of action for breach of the implied duty of good faith and fair dealing should be permitted to stand along with the contract claims (see Demetre v HMS Holdings Corp., 127 AD3d 493, 493-494 [1st Dept 2015]; Sims v First Consumers Natl. Bank, 303 AD2d 288, 290 [1st Dept 2003]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2020