Vitamin Realty Assoc. LLC v Time Record Stor., LLC (2021 NY Slip Op 02231)





Vitamin Realty Assoc. LLC v Time Record Stor., LLC


2021 NY Slip Op 02231


Decided on April 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 08, 2021

Before: Webber, J.P., Mazzarelli, González, Mendez, JJ. 


Index No. 654417/19 Appeal No. 13555 Case No. 2020-03457 

[*1]Vitamin Realty Associates LLC, Plaintiff-Appellant,
v
The Time Record Storage, LLC, et al., Defendants-Respondents.


Bowles & Johnson PLLC, New York (David K. Bowles of counsel), for appellant.
Fox Rothschild LLP, New York (Joshua Kopelowitz of counsel), for respondents.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered on or about March 6, 2020, which, to the extent appealed from, granted defendants' motion to dismiss the complaint insofar as it dismissed the first and second causes of action, for breach of contract and breach of the implied covenant of good faith and fair dealing, unanimously modified, on the law, to reinstate the claims against defendant 225 Long Avenue LLC, and otherwise affirmed, without costs.
Defendants are correct that the easement granted to plaintiff by defendants' predecessor does not contain a requirement that defendant 225 Long Avenue maintain its crossing agreement with Conrail. However, plaintiff offers a reasonable interpretation of the agreements that includes such a requirement when the agreements, which were executed at about the same time, in connection with the same transaction, are read together (PETRA CRE CDO 2007-1 CDO, Ltd. v Morgans Group LLC, 84 AD3d 614, 615 [1st Dept 2011]).
Moreover, absent the maintenance of the crossing agreement, the easement is alleged to be worthless. As such, plaintiff states a claim under the covenant of good faith and fair dealing (511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 153 [2002]).
While arguably duplicative of the breach of contract claim, where, as here, the express terms of the agreement are ambiguous, plaintiff may maintain this alternate theory, at least at this stage of the action (Demetre v HMS Holdings Corp., 127 AD3d 493 [1st Dept 2015]).
However, defendant The Time Record Storage, LLC (TRS) cannot be held liable on either of these claims. Plaintiff sought to hold TRS liable on an alter ego theory. However, plaintiff's allegations that defendant TRS and defendant 225 Long Avenue share offices, officers, and ownership, along with conclusory allegations of "domination," are insufficient to allege alter ego liability (Etex Apparel, Inc. v Tractor Intl. Corp., 83 AD3d 587 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 8, 2021