■ CLIFTON STEEL CORPORATION, Respondent, v GENERAL ELECTRIC COMPANY et al., Defendants, and MORIN BUILDING PRODUCTS COMPANY, INC., et al., Appellants. — Appeal from an order of the Supreme Court at Special Term, entered September 8, 1980 in Albany County, which granted plaintiff's motion to dismiss the first and second affirmative defenses contained in the answer of defendants Morin Building Products Company, Inc., and Hartford Accident and Indemnity Company, and which denied a cross motion for summary judgment made by these defendants. The defendant Morin Building Products Company, Inc. (Morin) was a subcontractor with the defendant Le Cesse Bros. Contracting, Inc., furnishing labor and materials for the construction of a building on property owned by defendant General Electric Company (G.E.) in Tonawanda, New York. Morin entered into a subcontract with plaintiff Clifton Steel Corporation (Clifton) for the installation of certain metal panels. In furtherance of the agreement, Morin forwarded to Clifton a written contract, dated August 9, 1977, specifying a consideration of $22,470 and setting forth various terms and more particularly the provisions that: (1) the contract was to be construed and enforced in accordance with the laws of Connecticut; and (2) Clifton waived its right to file a mechanic's lien on the project. Clifton began work on the project on or about September 26, 1977 and completed it on January 13, 1978. The balance due to Clifton is conceded to be the sum of $2,502. Prior to the filing of the mechanic's lien herein by Clifton, a dispute arose between the parties as to Clifton's performance of another construction project for Morin. As a result of that dispute, Morin has refused to pay Clifton's balance on the Tonawanda project. (See, also, *Clifton Steel Corp. v General Elec. Co.,* 80 AD2d 715.) Morin defends the action seeking foreclosure of the mechanic's lien by alleging as affirmative defenses that: (1) Clifton did not properly perform the unrelated contract; and (2) Clifton had waived its

right to file a mechanic's lien pursuant to the terms of its contract. Clifton moved pursuant to CPLR 3211 (subd [b]) for an order dismissing the affirmative defenses, and Morin and its surety cross-moved for summary judgment dismissing the plaintiff's contract cause of action, canceling the undertaking which had been filed and the notice of mechanic's lien and awarding damages. Special Term granted Clifton's motion to dismiss the affirmative defenses and denied the cross motion for summary judgment. It is apparent that Special Term did not err. The issue as to whether or not the contract was governed by Connecticut law is academic as it related to the filing of a mechanic's lien. New York law specifically prohibits any waiver of the right to file or enforce such liens as against public policy (Lien Law, § 34). It is axiomatic that: "Even if [a] contract is valid where made, it will not be enforced in another State if it is repugnant to positive statutory enactment and the public policy of that State". *(Lynch v Bailey,* 275 App Div 527, 534-535, affd 300 NY 615; see 8 NY Jur, Conflict of Laws, § 24.) As to the question of another construction contract between the parties, it is clearly unrelated to the present action and is no defense to Clifton's cause of action. Notably, Morin has not pleaded the other contract as a counterclaim and has in fact commenced an independent action as to it. The order of Special Term should be affirmed. Order affirmed, with one bill of costs to plaintiff. Sweeney, J.P., Main, Casey, Mikoll and Herlihy, JJ., concur.