■ THEODORE L. Fox et al., Plaintiffs, v ASHLAND OIL, INC., Defendant and Third-Party Plaintiff-Respondent. UNION BOILER COMPANY, Third-Party Defendant-Appellant.—Order unanimously reversed on the law without costs and motion denied. Memorandum: Special Term erred in granting third-party plaintiff Ashland Oil, Inc. summary judgment on its contractual indemnification claim at this stage of the litigation. None of the three grounds advanced by Ashland supports such relief. General Obligations Law § 5-322.1 is potentially applicable *(Quevedo v City of New York,* 56 NY2d 150, *rearg denied* 57 NY2d 674) and its relevance cannot be known until fault is determined. No factual showing has been made here that the incident giving rise to plaintiff's injuries could not be wholly a result of the negligence of Ashland. Because General Obligations Law § 5-322.1 explicitly states that a contract as broad as the one in this case is against public policy and is void and unenforceable, the courts of this State will not enforce it even though the contract provides for interpretation of its terms under Kentucky law, where the language is enforceable *(see, Clifton Steel Corp. v General Elec. Co.,* 80 AD2d 714). (Appeal from order of Supreme Court, Niagara County, Mintz, J.—summary judgment.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.