HUGH O'KANE ELECTRIC CO., LLC, Respondent, v MASTEC NORTH AMERICA, INC., Doing Business as WILDE CONSTRUCTION, Appellant. [797 NYS2d 45]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered May 12, 2004, which, in an action by a subcontractor against a general contractor to recover for work performed under a subcontract, insofar as appealed from, denied the general contractor's motion for summary judgment dismissing the complaint and granted the subcontractor's cross motion to dismiss the third affirmative defense, unanimously modified, on the law, to the extent that the cross motion is denied and the third affirmative defense is reinstated, and otherwise affirmed, without costs.

The general contractor seeks dismissal on the basis of a provision in the subcontract making its obligation to pay the subcontractor "expressly contingent upon and subject to" its own receipt of payment from the owner for the subcontractor's work—a so-called "pay-when-paid" provision. Such provisions are void in New York as against public policy (see West-Fair Elec. Contrs. v Aetna Cas. & Sur. Co., 87 NY2d 148, 158 [1995] [construing Lien Law § 34, and distinguishing time-for-payment provisions]). However, the subcontract here contains a Florida

choice-of-law clause, and in Florida pay-when-paid provisions are enforced (*see Peacock Constr. Co., Inc. v Modern A.C., Inc.*, 353 So 2d 840, 842-843 [Fla 1977]). Nevertheless, the motion court refused to enforce the provision, explaining that it could not do so in view of Lien Law § 34 and the *West-Fair* decision. We disagree.

It is the policy of the courts of New York to enforce choice-of-law clauses, provided that the law chosen has a reasonable relationship to the agreement and does not violate a fundamental public policy of New York (*Finucane v Interior Constr. Corp.*, 264 AD2d 618, 620 [1999]). Since there is no dispute that the general contractor's Florida domicile justifies the choice of Florida law, the only choice-of-law issue is whether the public policy reflected in Lien Law § 34 is "fundamental," i.e., whether enforcement of pay-when-paid provisions would " 'violate some fundamental principle of justice, some prevalent conception of good morals, some deep-rooted tradition of the common weal' " (*Cooney v Osgood Mach.*, 81 NY2d 66, 78 [1993], quoting *Loucks v Standard Oil Co. of N.Y.*, 224 NY 99, 111 [1918] [Cardozo, J.]) and be "truly obnoxious" (*id.* at 79).

Lien Law § 34, as originally enacted in 1929, provided that "[a] contractor, subcontractor, material man or laborer may not waive his lien, except by an express agreement in writing specifically to that effect, signed by him or his agent" (L 1929, ch 515). In 1975, the current version of section 34 was enacted, prohibiting preperformance waivers of liens as "void as against public policy and wholly unenforceable," and in 1995, the Court of Appeals, in *West-Fair (supra)*, held that pay-when-paid provisions fall within this prohibition. Although not applicable here, we also note General Business Law § 757, effective January 14, 2003 after the subject subcontract was entered into, which voids choice-of-law and choice-of-forum clauses in construction contracts, excepting contracts with material suppliers, and General Business Law § 756-a (3) (b) (i), also effective January 14, 2003, which provides that where a general contractor enters into a subcontract as the agent for a disclosed owner, "the payment obligation shall flow directly from the disclosed owner as principal to the subcontractor and through the agent." Thus, while the Lien Law has progressed over a long period of time toward more protection of subcontractors (*see West-Fair*, 87 NY2d at 156-157), it remains that between 1929 and 1975, subcontractors could waive their lien rights by express agreement in writing, and prior to that, at common law, presumably could do so orally. Even after the enactment of current section 34 in 1975, it was not clear that pay-when-paid provisions were

covered (*see e.g. Crown Plastering Corp. v Elite Assoc.*, 166 AD2d 495, 496-497 [1990]), until the Court of Appeals said so in *West-Fair*. Clearly this history shows that the prohibition against pay-when-paid provisions is not a deeply rooted tradition of this state. Accordingly, the subject provision should be enforced (*but cf. Clifton Steel Corp. v General Elec. Co.*, 80 AD2d 714 [1981] [express waiver of right to file mechanic's lien in a subcontract subject to Connecticut law unenforceable in New York as against public policy]).

Nevertheless, we affirm the denial of the general contractor's motion for summary judgment dismissing the complaint, there being an issue of fact as to whether the general contractor should be estopped from asserting the pay-when-paid provision. Such issue is raised by evidence that in discussions concerning the payment of amounts overdue under the subcontract, the general contractor, responding to the subcontractor's concerns about the owner's financial condition, represented that the owner had the money to pay, although the owner was then in default of certain loans extended by the general contractor, and thereby may have induced the subcontractor to continue working on the project to its detriment (*see generally Florida Dept. of Health & Rehabilitative Servs. v S.A.P*, 835 So 2d 1091, 1096, 1097 [Fla 2002]). We reject the subcontractor's argument that such evidence also raises an issue of fact as to waiver (*see generally Gilman v Butzloff*, 155 Fla 888, 891, 22 So 2d 263, 265 [1945]).

In light of the foregoing, the cross motion by the subcontractor to strike the general contractor's third affirmative defense based upon the subject pay-when-paid provision is denied. Concur—Andrias, J.P., Friedman, Marlow, Gonzalez and Catterson, JJ.

Reargument granted and upon reargument, the decision and order of this Court entered herein on March 8, 2005 (16 AD3d 161 [2005]) is hereby recalled and vacated and a new decision and order substituted therefor. [*See* 6 Misc 3d 1006(A), 2004 NY Slip Op 51741(U) (2004).]