■ HUGH O'KANE ELECTRIC Co., LLC, Respondent, v MASTEC NORTH AMERICA, INC., Doing Business as WILDE CONSTRUCTION, Appellant. [846 NYS2d 51]—

Order and judgment (one paper), Supreme Court, New York County (Charles E. Ramos, J.), entered July 11, 2006, which, after a nonjury trial, awarded plaintiff damages in the amount of $2,467,517.76, plus interest in the amount of $1,098,214.41; order, same court and Justice, entered July 18, 2006, which found that defendant was barred by the doctrine of equitable estoppel from asserting the pay-when-paid provision of the contract be-

tween the parties; and order, same court and Justice, entered November 30, 2006, which denied defendant's motion to set aside the verdict, unanimously affirmed, with one bill of costs.

Contrary to defendant's contention, the trial court correctly apprehended the question of fact to be determined at trial, in accordance with this Court's order (19 AD3d 126, 128 [2005]) and the parties' stipulation, as whether defendant should be estopped from asserting the pay-when-paid provision as an affirmative defense. The issue was not whether defendant specifically misrepresented the financial status of the project owner but whether it made misrepresentations that it knew were false regarding whether plaintiff would be paid for its work, thereby inducing plaintiff to continue working at the site at its own expense.

Although the trial court did not set forth the specific facts it deemed essential to its decision, as required by CPLR 4213 (b), upon our independent factual review of the complete record (*see Matter of Allen v Black*, 275 AD2d 207, 209 [2000]; *Weckstein v Breitbart*, 111 AD2d 6, 8 [1985]), we find that the record supports the court's determination. Defendant repeatedly represented that plaintiff would be paid for the work it performed pursuant to the subcontract between the parties, when it was aware that the project owner, which was ultimately responsible for payment, was having serious financial difficulties and was millions of dollars in debt. In response to the assertion of plaintiff's representative that plaintiff would cease working on the project if payment was not forthcoming, defendant repeated its assurances of payment, thereby inducing plaintiff to continue working on the project, expending additional money in materials and labor for which it was never paid. This evidence is sufficient under Florida law, which governed the subcontract, to establish that defendant should be estopped from enforcing the pay-when-paid provision of the contract (*see Florida Dept. of Health & Rehabilitative Servs. v S.A.P*, 835 So 2d 1091, 1096-1097 [Fla 2002]; *Rinker Materials Corp. v Palmer First Nat. Bank & Trust Co. of Sarasota*, 361 So 2d 156 [Fla 1978]).

The court properly awarded interest at a rate of 9% per annum from August 1, 2001. This is an action for breach of contract and not, as defendant asserts, an action sounding in quantum meruit (*see* CPLR 5001 [a]).

We have considered defendant's additional arguments and find them unavailing. Concur—Lippman, P.J., Mazzarelli, Marlow, Catterson and Kavanagh, JJ.