■ ALBANA RUGOVA, as Administratrix of the Estate of DARDAN BINAKAJ, Deceased, Respondent, v SHAWN D. DAVIS, Appellant. [976 NYS2d 61]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered October 5, 2012, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.

The motion court improvidently exercised its discretion by not considering defendant's reply papers, and we review them in determining the appeal (see CPLR 2004).

Defendant demonstrated his prima facie entitlement to judgment as a matter of law by showing that his car was struck in the rear by plaintiff's decedent's car, and in response, plaintiff failed to provide a nonnegligent explanation, in evidentiary form, for the collision (see Avant v Cepin Livery Corp., 74 AD3d 533 [1st Dept 2010]).

The transcripts of the deposition testimony of two police officers who testified in a related action are hearsay as to defendant, since he was not notified about this deposition, nor present for the testimony given by the officers (see CPLR 3117 [a] [3]; Rivera v New York City Tr. Auth., 54 AD3d 545, 547 [1st Dept 2008]; Weinberg v City of New York, 3 AD3d 489 [2d Dept 2004]; Claypool v City of New York, 267 AD2d 33 [1st Dept 1999]). Although the transcripts are hearsay, hearsay may be used to defeat summary judgment as long as it is not the only evidence submitted in opposition (see O'Halloran v City of New York, 78

AD3d 536 [1st Dept 2010]; *Rivera v GT Acquisition 1 Corp.*, 72 AD3d 525 [2010]). However, plaintiff failed to raise a triable issue of fact, since she submitted no other admissible evidence as to the happening of the accident in opposition to defendant's motion for summary judgment.

Plaintiff may not avail herself of the *Noseworthy* doctrine (*Noseworthy v City of New York*, 298 NY 76, 80 [1948]), so as not to be held to as high a degree of proof, since plaintiff failed to make a showing of facts from which negligence can be inferred (*see Melendez v Parkchester Med. Servs., P.C.*, 76 AD3d 927 [1st Dept 2010]). Concur—Andrias, J.P., Acosta, Saxe, Renwick and Manzanet-Daniels, JJ.