■ NEVCO CONTRACTING INC., Appellant, v R.P. BRENNAN GENERAL CONTRACTORS & BUILDERS, INC., Also Known as BRENNAN OPERATING, INC., Doing Business as BRENNAN GENERAL CONTRACTORS, Respondent. (And a Third-Party Action.) [33 NYS3d 166]—

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered October 14, 2015, which denied plaintiff's motion for summary judgment on its breach of contract cause of action seeking the principal amount of $46,960, plus interest pursuant to CPLR 5001 (a), unanimously reversed, on the law, with costs, the motion granted, and the matter remanded for further proceedings regarding interest in accordance with this decision.

Plaintiff subcontractor made a prima facie showing of the existence of the parties' agreement, its performance thereunder, and defendant general contractor's failure to perform, resulting in harm to plaintiff (see Harris v Seward Park Hous. Corp., 79 AD3d 425, 426 [1st Dept 2010]). Plaintiff established the amount due from defendant by submitting an email exchange between the parties, reflecting their agreement on the amount due, and defendant's representation that payment would be made as soon as it received payment from third-party defendant owner.

The "pay-when-paid" provision in the subcontract is not an effective condition precedent to defendant's duty to perform, since such provisions are "void and unenforceable as contrary to public policy" (*West-Fair Elec. Contrs. v Aetna Cas. & Sur. Co.*, 87 NY2d 148, 158 [1995]; *Hugh O'Kane Elec. Co., LLC v MasTec N. Am., Inc.*, 19 AD3d 126, 126 [1st Dept 2005]). Moreover, defendant did not dispute the evidence that the parties had reached agreement on the amount due to plaintiff, and failed to submit any admissible evidence sufficient to preclude summary judgment. Although defendant's president submitted an affidavit stating that the owner has not paid defendant because the owner is dissatisfied with plaintiff's work, his statement is supported only by an unsworn spreadsheet which, as hearsay, is alone insufficient to defeat summary judgment (*Rugova v Davis*, 112 AD3d 404, 404-405 [1st Dept 2013]). In any event, the spreadsheet shows only that the owner had rejected a demand for payment, but does not indicate why the demand was rejected.

Because the parties on appeal have not addressed the date from which interest shall be computed pursuant to CPLR 5001, we remand for further proceedings and a determination regarding interest (*see Peachy v Rosenzweig*, 215 AD2d 301 [1st Dept 1995]; *see also Delulio v 320-57 Corp.*, 99 AD2d 253 [1st Dept 1984]). Upon such determination, the Clerk shall calculate the amount of interest and enter judgment accordingly (*see* CPLR 5001 [c]). Concur—Mazzarelli, J.P., Moskowitz, Manzanet-Daniels and Gesmer, JJ.