■ SECOND SOURCE FUNDING, LLC, Appellant, v YELLOWSTONE CAPITAL, LLC, et al., Respondents, et al., Defendants. [40 NYS3d 410]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered February 16, 2016, which granted defendant Yellowstone Capital, LLC, David Glass, Isaac D. Stern, and Isaac D. Stern Consulting, LLC's (Yellowstone defendants) motion to dismiss the amended complaint in its entirety, with prejudice, unanimously modified, on the law, to reinstate plaintiff's breach of contract claims, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered August 6, 2015, which, to the extent appealed from as limited by the briefs, granted the Yellowstone defendants' cross motion to dismiss the original complaint, to the extent of dismissing plaintiff's claim for misappropriation of trade secrets, with prejudice, unanimously dismissed, without costs, as academic.

Plaintiff's pleading sufficiently alleges breach of contract as against David Glass, Isaac Stern, and the John Doe defendants. To plead breach of contract, the proponent must allege the existence of a contract, the plaintiff's performance

thereunder, the defendant's breach thereof, and resulting damages (*Nevco Contr. Inc. v R.P. Brennan Gen. Contrs. & Bldrs., Inc.*, 139 AD3d 515 [1st Dept 2016]; *Harris v Seward Park Hous. Corp.*, 79 AD3d 425, 426 [1st Dept 2010]). Here, the amended complaint stated that Glass, Stern and the John Doe defendants executed confidentiality agreements that contained provisions regarding proprietary information (including client lists and client information) and their obligation to keep such information confidential and use it only for plaintiff's purposes. Plaintiff alleges that it fulfilled its obligations under the agreements, and that it procured, developed, and took great lengths to protect its proprietary information. While working for plaintiff, Stern, Glass, and the John Doe defendants allegedly breached the confidentiality agreements by funding cash advance deals with plaintiff's competitors, soliciting plaintiff's agents and customers, misappropriating plaintiff's proprietary information to create Yellowstone Capital, LLC to compete directly with plaintiff, and conspiring to direct business away from plaintiff.

Plaintiff adequately alleges that it has been damaged by Glass and Stern's breaches (*Fielding v Kupferman*, 65 AD3d 437, 442 [1st Dept 2009]). These allegations gave the Yellowstone defendants sufficient notice of the transactions intended to be proven at trial and the claims asserted (*JP Morgan Chase v J.H. Elec. of N.Y., Inc.*, 69 AD3d 802 [2d Dept 2010]).

The court properly dismissed the unfair competition claim as the court had previously exercised its discretion and only granted plaintiff leave to amend the complaint to replead the breach of contract claims (*see* CPLR 3025 [b]; *BGC Partners, Inc. v Refco Sec., LLC*, 96 AD3d 601, 602-603 [1st Dept 2012]).

We have considered the Yellowstone defendants' remaining arguments and find them unavailing. Concur—Friedman, J.P., Renwick, Feinman, Gische and Kapnick, JJ.