Dubrow v Herman & Beinin (2018 NY Slip Op 00478)





Dubrow v Herman & Beinin


2018 NY Slip Op 00478


Decided on January 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 25, 2018

Manzanet-Daniels, J.P., Gische, Tom, Gesmer, Singh, JJ.


5521 651605/16

[*1]Alan Dubrow, Plaintiff-Respondent,
v
Herman & Beinin, Attorneys at Law, et al., Defendants-Appellants.


Herman & Beinin, Bellmore (Mark D. Herman of counsel), for appellants.
Jonathan Strauss, New York, for respondent.



Order, Supreme Court, New York County (Ellen M. Coin, J.), entered July 24, 2017, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the first cause of action alleging breach of an oral agreement, unanimously affirmed, without costs.
Plaintiff alleges that defendants, who represented him in an employment discrimination action, failed to return the unearned portion of his $176,500 retainer at the conclusion of that action. It is undisputed that defendants never provided plaintiff with a written agreement, as required under
22 NYCRR 1215.1, and failed to provide plaintiff with written billing statements, as required by 22 NYCRR 1210.1(4). In addition, defendants refused to provide an accounting of the time spent working on plaintiff's case when requested by plaintiff's new attorney. Defendants moved to dismiss, arguing that the breach of contract claim was not adequately pleaded and that plaintiff's claim is barred by the "voluntary payment doctrine."
The voluntary payment doctrine "bars recovery of payments voluntarily made with full knowledge of the facts, and in the absence of fraud or mistake of material fact or law" (Dillon v U-A Columbia Cablevision of Westchester, 100 NY2d 525 [2003]). In the context of an attorney-client relationship, the attorney bears the burden of showing that the parties' fee agreement was fair, reasonable, and fully known and understood by plaintiff (Jacobson v Sassower, 66 NY2d 991, 993 [1985]; see also Seth Rubenstein, PC v Ganea, 41 AD3d 54, 64 [2d Dept 2007]).
Plaintiff has sufficiently alleged a claim for breach of contract based on defendants' failure to return the unearned balance of his retainer, pursuant to the parties' oral agreement (see Nevco Contr. Inc. v R.P. Brennan Gen. Contrs. & Bldrs., Inc., 139 AD3d 515 [1st Dept 2016]). While defendants assert that plaintiff voluntarily made payments to compensate them for their services, they have not established that plaintiff had full knowledge of the relevant facts, such as the number of hours spent by defendants in connection with their representation of him (see Dillon, 100 NY2d at 525). Nor did they submit any evidence to show that the amount of plaintiff's payments was fair and reasonably related to the value of services rendered (see Jacobson, 66 NY2d at 993). Since defendants did not conclusively refute plaintiff's allegations, their motion to dismiss was properly denied (see Rite Aid of N.Y., Inc. v Chalfonte Realty Corp., 105 AD3d 470, 470-471 [1st Dept 2013]; Kirby McInerney & Squire, LLP v Hall Charne Burce & Olson, S.C., 15 AD3d 233 [1st Dept 2005]).
Nor does defendants' contention that plaintiff never questioned their legal fees until the underlying matter was dismissed on summary judgment warrant dismissal. Plaintiff alleges that defendants promised to return any balance at the resolution of the underlying action, and his attempts to obtain an accounting after dismissal of the action are in line with this alleged understanding.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 25, 2018
CLERK