## MAP Health Holdings, LLC v Espresso Capital, Ltd.

2025 NY Slip Op 30051(U)

January 7, 2025

Supreme Court, New York County

Docket Number: Index No. 651879/2024

Judge: Nancy M. Bannon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. NANCY M. BANNON**      PART      **61M**

*Justice*

-------------------------------------------------------------------------------X

MAP HEALTH HOLDINGS, LLC,

              Plaintiff,

          - v –

ESPRESSO CAPITAL, LTD., ESPRESSO CREDIT US LP, ESPRESSO CREDIT US II LP, CARMA HEALTH HOLDINGS, LLC f/k/a ESPRESSO ACQUISITION I, LLC,ESPRESSO ACQUISITION II, LLC,ESPRESSO ACQUISITION III, LLC,

              Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651879/2024 |
| **MOTION DATE** | 08/28/2024 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 37

were read on this motion to/for          DISMISS          .

## I.     INTRODUCTION

In this action arising from a loan agreement, the plaintiff, MAP Health Holdings, LLC ("MAP"), moves pursuant to CPLR 3211(a)(1) and (a)(7) to dismiss the counterclaims of the defendant entities. The defendants oppose the motion. The motion is denied.

## II.     BACKGROUND

Plaintiff MAP is a company that provides support services to patients discharged from rehabilitation centers for substance abuse addiction. In 2021, MAP sought funding from the defendants to make business acquisitions. In June 2021, August 2021, and January 2022, MAP and defendants Espresso Capital Ltd., Espresso Credit US LP, and Espresso Credit US II LP (collectively, the "Secured Lenders"), executed three agreements, under which the Secured Lenders advanced funds to MAP (the three advancements, collectively, the "Loan Agreement"). During this time, MAP acquired two entities, Carma Health Management Inc. and CFOL Management LLC.

**651879/2024   MAP HEALTH HOLDINGS, LLC vs. ESPRESSO CAPITAL, LTD. ET AL**      **Page 1 of 7**
  Motion No.  002

1 of 7

On September 2, 2022, the parties executed the Forbearance Agreement, under which the defendants agreed not to exercise its rights or remedies under the Loan Agreement for MAP's Existing Defaults. These "Existing Defaults" are (i) MAP's failure to pay interest required under the Loan Agreement on July 31 and August 31, 2022; (ii) MAP's failure to provide audited financial statements for 2021, and (iii) MAP's failure to comply with the monthly revenue growth requirement. The Forbearance Agreement stipulated that the defendants agreed to forbear on exercising on its remedies in order to allow MAP to sell off its assets, including Carma and CFOL, during the Forbearance Period. The Forbearance Period would end either 90 days after September 2, 2022, or on the occurrence of a Forbearance Default. Under Paragraph 5, the defendants agreed to make Further Advances to MAP in four tranches of $250,000, "subject to the for obtaining advances under the Loan Agreement, and if approved will be made within five days of [MAP's] request". The first tranche would be on September 2, 2022, and the remaining tranches would be due upon MAP's request during the Forbearance Period. Under paragraph 7(a), a Forbearance Default would occur if either (i) an Event of Default under the Loan Agreement occurred, other than the Existing Defaults; (ii) MAP failed to keep or perform the covenants contained herein, or (iii) MAP made a false representation or warranty. If a Forbearance Default occurs, all outstanding obligations would become due, and the defendants would be allowed to exercise their rights and remedies under the Loan Agreement.

On September 27, 2022, the defendants notified MAP that they would no longer provide additional further advances, and formed the defendant entities Espresso Acquisition Holding I, LLC (later renamed Carma Health Holdings LLC), Espresso Acquisition Holding II, LLC, and Espresso Acquisition Holding III, LLC (collectively, the "Espresso Acquisition Vehicles"). The defendants foreclosed on Carma, CFOL and certain MAP subsidiaries, and by October 3, 2022, these assets were owned by the newly formed Espresso Acquisition Vehicles. On the same day, the defendants served MAP with a default letter, stating that MAP had engaged in various defaults under the Forbearance Agreement.

MAP commenced this action, asserting four causes of action against the defendants for breach of Forbearance Agreement, breach of the implied covenant of good faith and fair dealing, violation of New York Uniform Commercial Code §§ 9-610 and 9-615, and unjust enrichment. MAP alleges that the defendants wrongfully foreclosed on Carma and CFOL under the Forbearance Agreement, as this took place during the Forbearance Period. MAP also

[* 2]

alleges that the foreclosure sale of Carma and CFOL assets violated the Uniform Commercial Code. MAP seeks, among other things, unspecified monetary damages and restitution.

The defendants answered, alleging eleven affirmative defenses, most of which asserted grounds under which the plaintiff's claims should be barred by some conduct of the plaintiff. The defendants also asserted two counterclaims against MAP. In the first counterclaim, the defendants allege that MAP failed to perform and breached the Forbearance Agreement in several ways; (1) a Forbearance Default under paragraph 7.1 occurred, specifically various Events of Default under paragraph 7.1(a)(i), as well as breaches under 7.1(a)(ii) and (iii); (2) MAP failed to provide the defendants with accurate information which the defendants relied on when foreclosing, causing the defendants to pay in excess of value of Carma and CFOL in foreclosure sales under paragraph 3(c); (3) MAP failed to adhere under the budget per paragraph 3.1(d). In the second counterclaim, the defendants allege that MAP breached the Loan Agreement in several ways, including the Existing Defaults, failure to pay interest and failure to provide audited financial statement for 2021. The defendants seek $2,900,000 in compensatory damages. This motion ensued.

## III.     DISCUSSION

When assessing the adequacy of a pleading in the context of a motion to dismiss under CPLR 3211(a)(7), the court's role is "to determine whether [the] pleadings state a cause of action." 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151-52 (2002). To determine whether a pleading adequately states a cause of action, the court must "liberally construe" it, accept the facts alleged in it as true, accord it "the benefit of every possible favorable inference" (id. at 152; see Romanello v Intesa Sanpaolo, S.p.A., 22 NY3d 881 [2013]; Simkin v Blank, 19 NY3d 46 [2012]), and determine only whether the facts as alleged fit within any cognizable legal theory (see Hurrell-Harring v State of New York, 15 NY3d 8 [2010]; Leon v Martinez, 84 NY2d 83 [1994]).

Dismissal under CPLR 3211(a)(1) is warranted only when the documentary evidence submitted "resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim." Fortis Financial Services, LLC v Fimat Futures USA, 290 AD2d 383, 383 (1st Dept. 2002); see Amsterdam Hospitality Group, LLC v Marshall-Alan Assoc., Inc., 120 AD3d 431, 433 (1st Dept. 2014); Fontanetta v John Doe 1, 73 AD3d 78 (2nd Dept. 2010). A particular paper will qualify as "documentary evidence" only if it satisfies the following criteria: (1) it is

651879/2024   MAP HEALTH HOLDINGS, LLC vs. ESPRESSO CAPITAL, LTD. ET AL          Page 3 of 7
Motion No.  002

3 of 7

"unambiguous"; (2) it is of "undisputed authenticity"; and (3) its contents are "essentially undeniable." See VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC, 171 AD3d 189 (1st Dept. 2019) (quoting Fontanetta v John Doe 1, supra).

### A.   First Counterclaim: Breach of the Forbearance Agreement

MAP has not demonstrated entitlement to dismissal of the defendants' counterclaims. The elements of a counterclaim for breach of contract are (i) the existence of a contract, (ii) the defendant's performance under the contract. (iii) the plaintiff's breach of that contract, and (iv) resulting damages. See Second Source Funding, LLC v Yellowstone Capital, LLC, 144 AD3d 445 (1st Dept. 2016); Harris v Seward Park Housing Corp., 79 AD3d 425 (1st Dept. 2010). Construed liberally the counterclaims sufficiently allege the existence of the Forbearance Agreement, the defendants' performance under the Forbearance Agreement, in that the defendants made the first two Further Advances and declined to make Further Advances under its discretion. The counterclaims also allege MAP's various breaches of the Forbearance Agreement, including (i) a Forbearance Default under paragraph 7.1 occurred, (ii) MAP's failure to provide the defendants with accurate information which the defendants relied on when foreclosing, causing the defendants to pay in excess of value of Carma and CFOL in foreclosure sales under paragraph 3(c); (iii) MAP failed to adhere under the budget per paragraph 3.1(d).

MAP argues that the defendants fail to allege that they performed under the Forbearance Agreement, as paragraph 5 obligates the defendants to make four Further Advances to MAP "subject to the for obtaining advances under the Loan Agreement, and if approved will be made within five days of [MAP's] request". By failing to pay the final two Further Advances, MAP argues that the defendants cannot allege that they performed under the Forbearance Agreement. This argument is unavailing, however, as MAP provides no evidence that it complied with the terms of "obtaining advances under the Loan Agreement" in order to receive more Further Advances. Furthermore, any determination of whether the phrase "if approved" gives the defendants discretion in determining whether it can make Further Advances, even if MAP complied with the terms under the Loan Agreement, is subject to differing interpretations and cannot be resolved on a motion to dismiss. See CSC Holdings, LLC v Samsung Elecs. Am., Inc., 192 AD3d 556 (1st Dept. 2021).

Dismissal likewise unwarranted under CPLR 3211(a)(1), as MAP's proffered documentary evidence does not resolve conclusively dispose of the defendants' counterclaim.

651879/2024   MAP HEALTH HOLDINGS, LLC vs. ESPRESSO CAPITAL, LTD. ET AL                    Page 4 of 7
Motion No.  002

4 of 7

[* 4]

MAP submits, *inter alia*, (1) resignation letters of MAP CEO Jacob Levenson and board member Karsten Lampka dated September 27, 2022 and September 30, 2022, respectively, (2) a letter dated September 16, 2022 in which Andrew Sossin, shareholder of Carma, demands payment of $500,000 from MAP within thirty days of receipt of the letter, pursuant to a purchase agreement. For the reasons stated below, these submissions do not utterly refute the defendants' factual allegations.

First, MAP submits the Levenson and Lampka resignation letters to establish that an Event of Default did not occur under paragraph 7.1(a)(i) of the Forbearance Agreement, which in turn cites to the Loan Agreement. Specifically, paragraph 10.2(l) of the Loan Agreement states that MAP would not change Levenson's or Lampka's roles in any material respect. MAP argues that these resignation letters establish that MAP themselves did not change these individual's roles in the company, and that they were forced to resign due to the defendants repudiation the Forbearance Agreement. However, these letters do not conclusively establish that the defendants' actions forced their resignations, or that MAP did not change their roles in violation of paragraph 7.1(a)(i) of the Forbearance Agreement. The letters simply state that they resigned from their roles with MAP.

Second, MAP submits the Sossin letter to establish that an Event of Default did not occur under paragraph 7.1(a)(i) of the Forbearance Agreement. Under paragraph 11.1(d) of the Loan Agreement, a default occurs if MAP is in debt of over $100,000, and the holder of this debt has the right to accelerate payment. In this letter, Sossin states that MAP owed him $500,000, that it was due on August 29, 2022, and demands payment within 30 days of receipt of the letter. MAP argues that this letter is dated before the Forbearance Agreement was executed on September 2, 2022, and that the defendants were aware of this debt before signing. However, the Forbearance Agreement only states that the defendants agreed to forbear only the three Existing Defaults, and this debt to Sossin is not listed as such. Furthermore, MAP's argument that this debt merely an "ordinary debt", and not the type of debt "results in the right of the holder of such Indebtedness to accelerate its payment," under the Loan Agreement, is not conclusively established by this letter.

B. Second Counterclaim: Breach of the Loan Agreement

For similar reasons, dismissal of the second counterclaim for breach of the Loan Agreement is unwarranted. MAP argues that the defendants' counterclaims allege breaches

651879/2024   MAP HEALTH HOLDINGS, LLC vs. ESPRESSO CAPITAL, LTD. ET AL          Page 5 of 7
Motion No.  002

5 of 7

that the defendants had agreed to forbear in the Forbearance Agreement: the Existing Defaults. However, as stated earlier, if MAP breaches the Forbearance Agreement, all outstanding obligations would become due, and the defendants would be allowed to exercise their rights and remedies under the Loan Agreement. Furthermore, the Forbearance Agreement states that MAP "agrees that, based on the Existing Defaults, [the defendants] have the right to exercise their rights and remedies under the Loan Agreement, including foreclosing on the Collateral." Furthermore, the first counterclaim alleges that MAP breached paragraph 7.1(a)(i) of the Forbearance Agreement, as various Events of Default under the Loan Agreement arose, other than the Existing Defaults.

### C. Damages

MAP's argument that the defendants failed to allege in their counterclaims that it caused cognizable damages to the defendants is unavailing. First, as stated, on a motion to dismiss, all claims, including counterclaims, are to be construe liberally, including the defendants' calculation of damages. See generally Morris v 702 E. Fifth St. HDFC, 46 AD3d 478 (1st Dept. 2007). The defendants' ability to prove its calculation of damages is more appropriately addressed on summary judgment or at trial. Id. Furthermore, MAP's argument that the defendants cannot recover compensatory damages because the foreclosure was not commercially reasonable under UCC § 9-610(c) is similarly unavailing, as such a determination is premature at this juncture and is more appropriately addressed on summary judgment or at trial. See Atlas MF Mezzanine Borrower, LLC v Macquarie Texas Loan Holder LLC, 174 AD3d 150 (1st Dept. 2019), see also Clover Private Credit Opportunities Origination (Levered) II, L.P. v Sanberg, 227 AD3d 540 (1st Dept. 2024).

The plaintiff's remaining arguments are without merit.

The parties are encouraged to explore settlement.

### IV. CONCLUSION

Accordingly, upon the foregoing papers, it is

ORDERED that the plaintiff's motion to dismiss the defendants' counterclaims is denied, and it is further,

**651879/2024   MAP HEALTH HOLDINGS, LLC vs. ESPRESSO CAPITAL, LTD. ET AL**   **Page 6 of 7**
**Motion No.  002**

6 of 7

ORDERED that counsel shall appear for the status conference on February 13, 2025, at 10:30 a.m., as previously scheduled.

This constitutes the Decision and Order of the court.

| 1/7/2025 | |
|---|---|
| **DATE** | |

20250107284351NBANNON96B375FCEADF489E81648E75D69F2C1A

**CHECK ONE:**

| | CASE DISPOSED | | **X** | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | GRANTED | **X** DENIED | | GRANTED IN PART | OTHER |

**651879/2024   MAP HEALTH HOLDINGS, LLC vs. ESPRESSO CAPITAL, LTD. ET AL**
**Motion No.  002**

Page 7 of 7

[* 7]