Wells Fargo Bank, N.A. v UBS AG (2026 NY Slip Op 00221)

Wells Fargo Bank, N.A. v UBS AG

2026 NY Slip Op 00221

Decided on January 15, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 15, 2026

Before: Kennedy, J.P., Gesmer, Rodriguez, Pitt-Burke, Chan, JJ. 

Index No. 654952/24|Appeal No. 5604|Case No. 2025-03898|

[*1]Wells Fargo Bank, National Association, etc., Plaintiff-Respondent,
vUBS AG, etc., Defendant-Appellant.

McKool Smith, P.C., New York (Robert W. Scheef of counsel), for appellant.
Binder & Schwartz LLP, New York (Eric B. Fisher of counsel), for respondent.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about May 13, 2025, which denied defendant's motion to dismiss the complaint, unanimously reversed, on the law, with costs, and the complaint dismissed. The Clerk is directed to enter judgment in defendant's favor.
As alleged in the complaint, plaintiff and defendant entered into a Mortgage Loan Purchase Agreement (the MLPA) on September 21, 2018. Under the terms of the MLPA, plaintiff was the trustee of a trust that purchased commercial loans from defendant. These loans, which the trust owned on behalf of various certificate holders, were then securitized through a Pooling and Servicing Agreement dated October 1, 2018 (the PSA). Among the loans the trust purchased was a $27.2 million mortgage loan defendant issued to nonparty Beech Hill NH LLC (Beech Hill). Under the loan agreement between Beech Hill and defendant, Beech Hill represented that it "has not and will not incur any indebtedness other than" the $27.2 million debt to defendant. In July 2024, plaintiff learned that when Beech Hill entered into its loan agreement with defendant in August 2018, Beech Hill was already in breach of that agreement because of a preexisting loan it received from nonparty RCB Equities (RCB); under the terms of that loan, Beech Hill owed RCB several million dollars when it executed its agreement with defendant.
Plaintiff adequately stated a cause of action for a breach of contract, which is sufficient at this prediscovery stage to withstand a motion to dismiss (see William Doyle Galleries, Inc. v Stettner, 167 AD3d 501, 504 [1st Dept 2018]). The complaint alleged that in light of the preexisting outstanding loan from RCB, Beech Hill misrepresented in its loan agreement with defendant that it "has not and will not incur any indebtedness" other than the $27.2 million mortgage loan from defendant. Moreover, the complaint alleged that in Representation 37 of the MLPA, defendant represented that "to [its] knowledge," there was no material default under the mortgage loan; that documents required to be part of the mortgage file were deemed to be within defendant's knowledge; and that Beech Hill's RCB debt would have been disclosed as part of the mortgage file. Together, these allegations sufficiently assert that defendant breached the MLPA because it had knowledge of Beech Hill's additional debt at the time of the sale (see Second Source Funding, LLC v Yellowstone Capital, LLC, 144 AD3d 445, 445-446 [1st Dept 2016]).
However, the complaint should have been dismissed as time-barred based on the CPLR 202 borrowing statute. The parties do not dispute that Midland Loan Services (Midland), the special servicer for the trust at issue herein and the entity prosecuting these claims, is located in Kansas, and its parent company, PNC Bank, is located in Pennsylvania. Kansas and Pennsylvania have, respectively, a five-year and four-year statute of limitations for breach of contract (Kan. Stat. Ann. § 60-511[1]; 42 Pa. Cons. Stat. § 5525). The parties also do not dispute that Midland's claims accrued in September 2018 when the MLPA was executed. Accordingly, this breach of contract action, commenced in 2024, is time barred (see CPLR 202; see also Deutsche Bank Natl. Trust Cp. V Barclays Bank PLC, 34 NY3d 327, 334 [2019]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 15, 2026